

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 4/26/2023

☐ Pro Se   ☒ Retained   ☐ CJA   ☐ FPD   **USA or other**
☐ Federal Agency
(Appeal Fee Exempt)

Case No: <u>21-cv-00387-CMA-NRN</u>

☐ Amended Notice of Appeal
☐ Other pending appeals
☐ Transferred Successive
   §2254 or §2255
☐ Supplemental Record

Date Filed: <u>4/25/2023</u>

Appellant: <u>Darlene Griffith</u>

Pro Se Appellant:
    ☐ IFP forms mailed/given    ☐ Motion IFP pending    ☐ Appeal fee paid
                                 ☐ IFP denied             ☐ Appeal fee not paid

Retained Counsel:
    ☒ Appeal fee paid    ☐ Appeal fee not paid    ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals.  Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:  s/ S. Phillips
     Deputy Clerk

cc:    Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00387-NRN-CMA

DARLENE GRIFFITH,

     Plaintiff,

v.

EL PASO COUNTY, COLORADO, *et al*.

     Defendants.

_____

**NOTICE OF APPEAL**
_____

     Plaintiff, DARLENE GRIFFITH, pursuant to Fed. R. App. P. 3 and Red. R. App.

P. 4, hereby appeals to the United States Court of Appeals for the Tenth Circuit:

     The Court's Order Affirming and Adopting Recommendation of United States

Magistrate Judge [ECF 173], granting Defendants' Motion to Dismiss Plaintiff's Third

Amended Complaint [ECF 132]. The underlying Report and Recommendation on

Defendants' Motion to Dismiss Third Amended Complaint was entered at ECF 165 on

February 27, 2023, and Final Judgment was entered at ECF 174 on March 27, 2023.

     Respectfully submitted this 25th day of April 2023.

                          KILLMER, LANE & NEWMAN, LLP

                          *s/ Andy McNulty*_____
                          Andy McNulty
                          Mari Newman
                          1543 Champa Street, Suite 400
                          Denver, CO 80202
                          (303) 571-1000

(303) 571-1001 facsimile
amcnulty@kln-law.com
mnewman@kln-law.com


*Counsel for Plaintiff Darlene Griffith*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of April 2023, I filed this **NOTICE OF APPEAL** via CM/ECF, and CM/ECF will generate a Notice of Electronic Filing to the following:

Nathan J. Whitney
Terry Sample
Chris Strider
County Attorney's Office
El Paso County
nathanwhitney@elpasoco.com
terrysample@elpasoco.com
chrisstrider@elpasoco.com

*s/ Charlotte Bocquin Scull*
Paralegal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-00387-CMA-NRN

DARLENE GRIFFITH,

     Plaintiff,

v.

EL PASO COUNTY, COLORADO,
BILL ELDER, in his individual and official capacities,
CY GILLESPIE, in his individual capacity,
ELIZABETH O'NEAL, in her individual capacity,
ANDREW MUSTAPICK, in his individual capacity,
DAWNE ELLISS, in her individual capacity,
TIFFANY NOE, in her individual capacity, and
BRANDE FORD, in her individual capacity,

     Defendants.

---

## FINAL JUDGMENT

---

     In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the Order Adopting and Affirming (Doc. 173) Recommendation of United States Magistrate Judge of Judge Christine M. Arguello entered on March 27, 2023, it is

     ORDERED that the Recommendation of United States Magistrate Judge Neureiter (Doc.165) is AFFIRMED and ADOPTED as an order of this Court.   Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion to Dismiss Third Amended

Complaint (Doc. # 132) is GRANTED; and Plaintiff's Third Amended Complaint (Doc. #

124) is DISMISSED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that Defendants shall have their costs by the filing of a Bill

of Costs with the Clerk of this Court within fourteen (14) days of entry of judgment, and

pursuant to the procedures set forth in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1

Dated at Denver, Colorado this 27th day of March, 2023.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK

By:   s/   M. Smotts
_____

M. Smotts
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00387-CMA-NRN

DARLENE GRIFFITH,

     Plaintiff,

v.

EL PASO COUNTY, COLORADO,
BILL ELDER, in his individual and official capacities,
CY GILLESPIE, in his individual capacity,
ELIZABETH O'NEAL, in her individual capacity,
ANDREW MUSTAPICK, in his individual capacity,
DAWNE ELLISS, in her individual capacity,
TIFFANY NOE, in her individual capacity, and
BRANDE FORD, in her individual capacity,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

---

This matter is before the Court on the February 27, 2023 Recommendation of

United States Magistrate Judge (Doc. # 165), wherein Judge N. Reid Neureiter

recommends this Court grant Defendants' Motion to Dismiss the Third Amended

Complaint (Doc. # 132). Plaintiff timely filed an Objection to the Recommendation. (Doc.

# 169.) For the following reasons, the Court overrules Plaintiff's Objection and affirms

and adopts the Recommendation as an order of this Court.

### I.    **BACKGROUND**

The factual background of this case is set out at length in Judge Neureiter's Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will provide only a brief summary of the relevant facts of this case.

Plaintiff Darlene Griffith is a transgender woman who has been diagnosed with gender dysphoria.[1] (Doc. # 124 at ¶ 2.) She has been living as a transgender woman for more than 20 years. (*Id.* at ¶ 25.) As part of her treatment, Plaintiff has "changed her name and altered her physical appearance to conform to her female gender identity, including dressing in feminine attire and taking feminizing hormones, which caused her to develop female secondary sex characteristics such as breasts, soft skin, a lack of facial hair, and other characteristics typically associated with women." (*Id.*)

Plaintiff arrived at El Paso County Jail as a pretrial detainee on July 20, 2020. (*Id.* at ¶¶ 47, 141.) At that time, Plaintiff was an openly transgender woman with a feminine appearance. (*Id.* at ¶ 47.) During Plaintiff's intake she notified jail personnel that she is a transgender woman with a diagnosis of gender dysphoria and explicitly requested placement in a women's facility. (*Id.* at ¶ 48.) Plaintiff also informed jail officials that she is legally blind. (*Id.* at ¶ 50.)

Plaintiff alleges that when she was booked into the jail, Defendant Andrew Mustapick sexually harassed her during an unconstitutional cross-gender, visual body-

---

[1] Gender dysphoria is "the significant distress that may accompany the incongruence between a transgender person's gender identify and assigned sex." (Doc. # 124 at ¶ 22.)

cavity search while Defendant Dawne Elliss stood by and did nothing to intervene. (*Id.* at ¶¶ 71–83.) When Plaintiff saw that both a male and female deputy would be conducting her search, Plaintiff protested and asked that only Elliss, a female deputy, conduct the search. (*Id.* at ¶ 74.) However, Elliss left Plaintiff alone in the room with Mustapick and intentionally mis-gendered Plaintiff on her way out, telling Mustapick "*he* is all yours now to strip out." (*Id.* at ¶ 76.) Mustapick then ordered Plaintiff to take off her socks, pants, and panties, place her hands on the wall, bend over, and "spread [her] sexy cheeks." (*Id.* at ¶ 77.) He told Plaintiff that he was "going to go balls deep in that ass" while grabbing his own penis in view of Plaintiff. (*Id.* at ¶ 78.) Mustapick was "extremely aggressive" while conducting the search and threatened Plaintiff that if she told anyone, she would be brutalized by the guards at the jail. (*Id.* at ¶ 79.)

Despite Plaintiff's request on intake, Defendant Tiffany Noe placed Plaintiff into an all-male unit. (*Id.* at ¶ 54.) On July 29, 2020, Defendant Brande Ford conducted an Americans with Disabilities Act ("ADA") interview of Plaintiff and wrote in Plaintiff's records that there were no disability concerns related to Plaintiff's housing. (*Id.* at ¶ 55.) Ford did not reclassify Plaintiff or place her into a unit that corresponded with her gender identity. (*Id.*) Over the next several months, Plaintiff repeatedly requested to be moved to a female unit by filing inmate grievances and reporting to jail mental health officials. (*Id.* at ¶¶ 57–66.) In response to one grievance, Defendant Elizabeth O'Neal stated that El Paso County had reviewed Plaintiff's request and denied her the accommodation of housing her in a facility that corresponded with her gender identity. (*Id.* at ¶ 57.) Plaintiff alleges that Defendants Ford, O'Neal, Noe, Gillespie, and Elder

violated her constitutional and statutory rights by intentionally disregarding her repeated requests to be housed in a female unit despite knowing that Plaintiff suffered from gender dysphoria and was at risk of sexual harassment and assault. (*Id.* at ¶¶ 47–70.)

Plaintiff further alleges that Defendants Elder, Gillespie, Ford, O'Neal, and Noe failed to protect Plaintiff by housing her in an all-male unit. (*Id.* at ¶¶ 84–88.) On November 18, 2021, after Plaintiff had been housed in the all-male unit for over a year, she was sexually assaulted by another male inmate. (*Id.* at ¶ 84.) The inmate approached Plaintiff while she was laying in her bunk, groped Plaintiff's right breast, and said, "you know you want this dick." (*Id.* at ¶ 85.) Defendants did not move Plaintiff to a unit that corresponded to her gender identity after this incident. (*Id.* at ¶ 88.)

Plaintiff also alleges that she was subject to continuous cross-gender pat-down searches. (*Id.* at ¶¶ 89–96.) Male deputies repeatedly touched Plaintiff's breasts and groin when patting her down. (*Id.* at ¶ 90.) El Paso County officials also regularly mis-gendered Plaintiff throughout her incarceration, including by calling her "Sir." (*Id.* at ¶¶ 97–109.) In one instance, on September 16, 2020, Plaintiff complained to a deputy about male inmates not wearing shirts, and the deputy responded by loudly yelling at the inmates, "the blind faggot said you need to put your shirts on." (*Id.* at ¶ 100.) Plaintiff wrote grievances and complained to jail officials several times about the pat-down searches, mis-gendering, and verbal harassment she was experiencing. In addition, despite Plaintiff's repeated requests for gender affirming clothing, jail officials denied Plaintiff the ability to dress in accordance with her gender identity, including prohibiting her from purchasing panties or lipstick at the commissary. (*Id.* at ¶¶ 110–122.)

Plaintiff reported to mental health providers that she was suffering severe anxiety and depression as a result of being placed in the all-male unit and experiencing harassment and mis-gendering. (*Id.* at ¶¶ 60, 62.) On July 1, 2021, Plaintiff told a mental health provider that due to the constant mistreatment, she would remove her own penis. (*Id.* at ¶ 31.) Plaintiff attempted to self-castrate by wrapping a rubber band around her genitals. (*Id.* at ¶ 32.) Plaintiff has a history of self-harm, including self-castration behavior, when her gender dysphoria has not been accommodated and treated. (*Id.* at ¶ 38.)

In her Third Amended Complaint (Doc. # 124), Plaintiff asserts 16 constitutional and statutory claims against Defendants. Her claims under federal law are:

- **First Claim**: Fourteenth Amendment equal protection discrimination, against all Defendants;

- **Second Claim**: Fourteenth Amendment conditions of confinement, against all Defendants;

- **Third Claim**: Fourth Amendment unreasonable search, against El Paso County, Elder, Mustapick, and Elliss;

- **Fourth Claim**: Fourteenth Amendment substantive due process claim for invasion of bodily privacy and integrity, against El Paso County, Elder, Gillespie, Mustapick, and Elliss;

- **Tenth Claim**: Disability discrimination pursuant to the ADA, 42 U.S.C. § 12101, *et. seq.*, against El Paso County;

- **Eleventh Claim**: Disability discrimination pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*, against El Paso County; and

- **Fourteenth Claim**: Fourteenth Amendment failure to protect, against El Paso County, Elder, Gillespie, O'Neal, Noe, and Ford.

Plaintiff's remaining claims for relief constitute parallel or similar claims under the

Colorado Constitution and Colorado state laws.

Defendants filed a Motion to Dismiss the Third Amended Complaint pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. # 132), which the Court referred to Judge

Neureiter (Doc. # 135). Judge Neureiter heard argument on the Motion in a hearing on

October 11, 2022. *See* (Doc. # 163). On February 27, 2023, Judge Neureiter issued his

Recommendation. (Doc. # 165.) Plaintiff filed an Objection (Doc. # 169), and

Defendants submitted a Response (Doc. # 172). The matter is now ripe for review.

## II.    LEGAL STANDARDS

### A.    REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommended] disposition that has been

properly objected to." In conducting the review, "[t]he district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of

timely objection, the district court may review a magistrate [judge's] report under any

standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

(citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate's factual or legal conclusions,

under a *de novo* or any other standard, when neither party objects to those findings.")).

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

## B.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject matter jurisdiction." A Rule 12(b)(1) challenge generally takes one of two forms: (1) a facial attack, where the moving party may "attack the complaint's allegations as to the existence of subject matter jurisdiction"; or (2) a factual attack, where the moving party may "go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When reviewing a facial attack, the Court must accept the allegations in the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). By contrast, in reviewing a factual attack, the district court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule (12)(b)(1)." *Id.*

## C.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted).

8

D.    **QUALIFIED IMMUNITY**

The doctrine of qualified immunity protects government officials from individual liability in the course of performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). To overcome the defense of qualified immunity, a plaintiff must present enough facts in the complaint, taken as true, to show (1) a violation of a constitutional or statutory right, and (2) that the right was clearly established when the alleged violation occurred. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). The bar is higher for Defendants because they assert a qualified immunity defense in a Rule 12(b)(6) motion instead of a Rule 56 motion. *See Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) ("Asserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment."). To determine whether a right was "clearly established," courts ask "whether the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (internal quotation marks omitted).

III.    **DISCUSSION**

This is a challenging case. It raises sensitive and important constitutional issues during a time period of shifting jurisprudence among the circuit courts. As she states in her Objection, Plaintiff brought this case to protect the rights of transgender people in public spaces. (Doc. # 169 at 1.) She asserts that this is a case that is, at its core,

"about governmental validation of the existence and experiences of transgender people, as well as the simple recognition of their humanity." (*Id.*) (quoting *G.G. v. Gloucester Cnty. Sch. Bd.*, 853 F.3d 729, 730 (4th Cir. 2017) (Davis, J., concurring)). The Court is sympathetic to Plaintiff and cognizant of the harms that she has suffered during her detention at the El Paso County Jail. However, the Court agrees with Judge Neureiter that existing Tenth Circuit precedent binds the Court's hands in this case. Regretfully, Plaintiff's claims must be dismissed.

## A.    THE RECOMMENDATION

In a thoughtful and well-reasoned Recommendation, which the Court adopts in full, Judge Neureiter carefully analyzed each of Plaintiff's federal claims. First, Judge Neureiter determined that Plaintiff's claims against El Paso County should be dismissed because (1) Plaintiff failed to properly name the Board of County Commissioners of El Paso County as the defendant pursuant to Colo. Rev. Stat. § 30-11-105; and (2) the Complaint alleges misconduct only on the part of employees of the El Paso County Sheriff's Office, a separate and distinct entity from the County. (Doc. # 165 at 14). However, because Plaintiff asserted claims against Sheriff Bill Elder and Commander Cy Gillespie in their official capacities, Judge Neureiter considered Plaintiff's municipal liability claims as asserted against the El Paso County Sheriff's Office. (*Id.*) Next, Judge Neureiter evaluated whether the Complaint adequately alleges Gillespie's personal participation. (*Id.* at 15–16.) Judge Neureiter concluded that the Complaint sufficiently alleges that Gillespie was personally responsible for denying Plaintiff female clothing and grooming products, with respect to her equal protection claim, but Judge Neureiter

found that the allegations were insufficient to establish Gillespie's role in Plaintiff's

housing assignments or as a final policymaker. (*Id.* at 16.)

      Moving to Plaintiff's Fourteenth Amendment claims, Judge Neureiter considered

whether discrimination against transgender people should be subject to heightened

scrutiny or rational basis analysis. (*Id.* at 17–24.) Judge Neureiter determined that

despite the "growing consensus" in courts around the country that transgender people

constitute at least a quasi-suspect class, district courts in this circuit remain bound by

the Tenth Circuit's decision in *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995), in

which the court held that a transgender plaintiff "is not a member of a protected class"

for purposes of an equal protection claim.[2] (Doc. # 165 at 19–20.) Although Judge

Neureiter expressed strongly that the Tenth Circuit should revisit *Brown*, he

acknowledged that *Brown* remains "if not *good* in the normative sense, at least *binding*

law on district courts in this district." (*Id.*) Thus constrained to apply rational basis

review, Judge Neureiter concluded that Plaintiff has not adequately alleged that there is

no rational reason for Defendants to house transgender women in all-male units and not

provide them with feminine clothing and grooming products. (*Id.* at 24.) Accordingly, he

found that Plaintiff's equal protection claim must be dismissed for failure to state a

claim.

      Judge Neureiter next considered Plaintiff's conditions of confinement and

substantive due process claims. (*Id.* at 25–26.) He first found that the Complaint fails to

state a claim against Defendant O'Neal, for lack of allegations establishing personal

---

[2] The *Brown* court used the older term "transsexual" instead of "transgender." 63 F.3d at 971.

participation, and against Defendants Noe and Ford, for lack of allegations showing

deliberate indifference. (*Id.* at 26.) Further, Judge Neureiter found that all of these

Defendants were entitled to qualified immunity because Plaintiff did not demonstrate

that her right to be placed in a female unit was clearly established. (*Id.*) As to Defendant

Elliss, Judge Neureiter found that "one instance of misgendering, although no light

matter, is not sufficient to state a claim for unconstitutional conditions of confinement."

(*Id.*) With respect to Defendant Mustapick, Judge Neureiter noted that Mustapick's

alleged behavior during the visual body-cavity search was "sickening," but Judge

Neureiter concluded that Plaintiff had not met her burden of showing that it is "clearly

established that cross-gender searches of transgender women, even ones

accompanied by odious verbal harassment, violate a clearly established constitutional

right, nor is the conduct so egregious and the right so obvious that it could be deemed

clearly established even without materially similar cases." (*Id.* at 28.)

Judge Neureiter next determined that the Complaint fails to state a claim for

failure to protect because (1) the Complaint alleges personal participation only of Noe

and Ford in Plaintiff's housing assignment, and (2) the allegations that Noe and Ford

knew of Plaintiff's disabilities, alone, are insufficient to show that they had reason to

suspect that Plaintiff was in substantial and immediate danger, particularly given that

Defendants made their decisions regarding Plaintiff's housing in July 2020 and the

alleged assault by another inmate did not occur until November 18, 2021. (*Id.* at 30.)

Regarding Plaintiff's Fourth Amendment unreasonable search claim and

Fourteenth Amendment substantive due process claim arising from the visual strip

search conducted by Defendants Mustapick and Elliss, Judge Neureiter carefully
balanced Plaintiff's right to bodily privacy and right to be free from unreasonable
searches against the requirements of prison administration. (*Id.* at 30–34.) Although he
acknowledged that Mustapick's alleged comments and behavior during the search were
"reprehensible," Judge Neureiter concluded that, on balance, the Complaint did not
state a plausible violation of the Fourth or Fourteenth Amendment in relation to the
search. (*Id.* at 33.) Moreover, Judge Neureiter observed that both claims would
necessarily fail based on the "clearly established" prong of qualified immunity because
Plaintiff offers no binding precedent clearly establishing that a visual strip search by a
male and female deputy of a transgender inmate, even with harassing comments,
violates the inmate's constitutional rights. (*Id.* at 34.) Having determined that the
Complaint fails to plausibly allege any constitutional violation, Judge Neureiter
determined that Plaintiff could not establish municipal liability and that her claims
against Defendant Elder in his official capacity as Sheriff must be dismissed. (*Id.* at 35.)

Judge Neureiter next evaluated Plaintiff's ADA and Rehabilitation Act claims. (*Id.*
at 35–41.) He acknowledged that there is significant disagreement amongst district
courts across the country regarding whether gender dysphoria is a "gender identity
disorder" and categorically excluded from the ADA's definition of "disability." (*Id.* at 37.)
In the absence of any controlling Tenth Circuit authority, Judge Neureiter followed the
approach of the Fourth Circuit in *Williams v. Kincaid*, 45 F.4th 759 (4th Cir. 2022), and
determined that, as a matter of statutory construction, gender dysphoria is not excluded
from the ADA's protections. (Doc. # 165 at 37.) Judge Neureiter further found that

Plaintiff plausibly alleges that her gender dysphoria was the "but for" cause of the
alleged discrimination. (*Id.* at 38–39.) Judge Neureiter concluded, however, that
Plaintiff's ADA and Rehabilitation Act claims are subject to dismissal because the
Complaint fails to make a showing of intentional discrimination such that Plaintiff would
be able to recover compensatory damages for mental or emotional injury. (*Id.* at 40.)
Stated differently, Judge Neureiter found that because the law is unsettled as to
whether discrimination based on gender dysphoria violates the ADA and Rehabilitation
Act, the Complaint could not plausibly allege that Defendants were "deliberately
indifferent" in that they *knew* that a harm to a federally protected right was substantially
likely. (*Id.* at 40–41.) Given that Plaintiff could not obtain compensatory damages and
that any injunctive relief is moot because Plaintiff has been moved to a female facility,
Judge Neureiter determined that her ADA and Rehabilitation Act claims must be
dismissed.

      Lastly, Judge Neureiter recommended that because all of Plaintiff's federal
claims are subject to dismissal, this Court should decline to exercise supplemental
jurisdiction over Plaintiff's state law claims and should dismiss those claims without
prejudice. (*Id.* at 42.)

## B.    THE OBJECTION

      Plaintiff timely filed a 30-page Objection to Judge Neureiter's Recommendation.
(Doc. # 169.) The Court has carefully reviewed Plaintiff's Objection and finds that it is
largely a restatement—often verbatim—of Plaintiff's arguments presented in her
Response to the Motion to Dismiss (Doc. # 147) and elsewhere in the record of this

case (Docs. ## 124, 156, 163). Rather than identifying specific legal or factual errors in the Recommendation, Plaintiff merely reargues her positions and asks the Court to interpret the facts and authorities differently in order to arrive at a more favorable result. Although the Court understands Plaintiff's intention to preserve her objection to the entirety of the Recommendation, such an objection does not enable the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147; *see also One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d at 1060 (observing that "the filing of objections" is meant to "advance[] the interests that underlie the Magistrate's Act, including judicial efficiency").

Nonetheless, the Court has carefully reviewed *de novo* the applicable law and the relevant materials in this case, including the Objection, the Recommendation (Doc. # 165), the Motion to Dismiss (Doc. # 132) and associated briefing (Docs. # 147, 155, 156, 163), and Plaintiff's Third Amended Complaint (Doc. # 124). *See* Fed. R. Civ. P. 72(b). Having reviewed the issues *de novo*, the Court is satisfied that it would reach the same conclusions as Judge Neureiter and that there is little to add to Judge Neureiter's comprehensive and correct analysis. *See, e.g.*, *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (affirming the "common practice among district judges in this circuit" to "adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis"); *see also Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (observing that "a brief order expressly stating the court conducted de novo review is sufficient"). The Court therefore will address only a few points raised in the Objection.

1.    <u>Fourteenth Amendment Equal Protection</u>

Plaintiff argues that Judge Neureiter erred by determining that this Court is bound

to apply rational basis review by the Tenth Circuit's decision in *Brown*. (Doc. # 169 at 7–

13.) In *Brown*, the Tenth Circuit followed the Ninth Circuit's decision in *Holloway v.*

*Arthur Andersen & Co.*, 566 F.2d 659, 663 (9th Cir. 1977), and held that "transsexuals

are not a protected class" for purposes of the Fourteenth Amendment. *Brown*, 63 F.3d

at 971. The Tenth Circuit therefore applied rational basis review to the plaintiff's equal

protection claim. *Id.* Since *Brown*, the Tenth Circuit has not disturbed this holding. *See,*

*e.g.*, *Druley v. Patton*, 601 F. App'x 632, 635 (10th Cir. 2015) (unpublished) ("To date,

this court has not held that a transsexual plaintiff is a member of a protected suspect

class for purposes of Equal Protection claims."). Now, nearly 28 years after *Brown* was

issued, Plaintiff contends that *Brown* is not controlling for several reasons.

First, Plaintiff argues that the *Brown* court did not address whether discrimination

against transgender individuals constitutes sex- or gender-based discrimination.

Accordingly, she avers that *Brown* has been overruled by the Supreme Court's decision

in *Bostock v. Clayton County, Ga.*, 140 S. Ct. 1731, 1741 (2020), in which the Supreme

Court analyzed the statutory language of Title VII and held that, within the meaning of

Title VII, "it is impossible to discriminate against a person for being homosexual or

transgender without discriminating against that individual based on sex." While the

Court agrees with Plaintiff that *Bostock* plainly calls into question whether discrimination

against transgender individuals is sex-based discrimination in the equal protection

context, the Court cannot conclude that *Bostock* clearly overruled *Brown*. The *Bostock*

opinion was expressly focused on interpreting the text of Title VII—nowhere did the Supreme Court address equal protection, rational basis review versus heightened scrutiny, or whether transgender individuals constitute a protected class for purposes of the Fourteenth Amendment. Given these differences, it would be too great a leap for this Court to conclude that *Bostock* constitutes "an intervening Supreme Court decision" justifying this Court's departure from *Brown*. *See Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1183 (10th Cir. 2018) (stating that a decision by a panel of the Tenth Circuit is binding precedent and cannot be overruled "[a]bsent an intervening Supreme Court or en banc decision justifying such an action").

Plaintiff next argues that *Brown* itself failed to apply binding precedent because it did not engage in the requisite four-factor analysis for determining whether transgender individuals are a suspect or quasi-suspect class. (Doc. # 169 at 12–13); *see, e.g.*, *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 611 (4th Cir. 2020) (describing the four-factor analysis). As such, Plaintiff argues that Brown is "inapplicable." (Doc. # 169 at 13.) However, Plaintiff cites no authority for her proposition that a district court may find error in a binding decision of a federal court of appeals and decline to follow it.

Finally, Plaintiff contends that *Brown* is "no longer applicable" because *Holloway*, the Ninth Circuit decision upon which Brown rests, has been overruled. (*Id.*); *see Schwenk v. Hartford*, 204 F.3d 1187, 1201 (9th Cir. 2000). Similarly, Plaintiff argues that *Brown* is "inapposite to nearly every single case that has been decided since, which 'have analyzed the relevant factors for determining suspect class status and held that transgender people are at least a quasi-suspect class.'" (Doc. # 169 at 13) (quoting

17

*Grimm*, 972 F.3d at 610). As such, Plaintiff asserts that Brown "should be discarded on the scrap heap of past decisions, like *Plessy*, *Korematsu*, and *Bowers*, that allowed for state-sanctioned discrimination." (*Id.*) Although the Court agrees with Plaintiff that *Brown* should be reconsidered based on the overruling of *Holloway*, the weight of authority from other circuits, and the Supreme Court's decision in *Bostock*, this Court lacks the authority to make that determination. Bound by *Brown*, the Court must apply rational basis review to Plaintiff's equal protection claim.

If the Court were to consider the issue untethered by *Brown*, the Court would not hesitate to find that heightened scrutiny is warranted for Plaintiff's equal protection claim because transgender-based discrimination constitutes sex-based discrimination triggering intermediate scrutiny. *See, e.g.*, *Grimm*, 972 F.3d at 608. Moreover, applying the four-factor test for determining whether a group constitutes a protected class, the Court would find it "apparent that transgender persons constitute a quasi-suspect class." *Id.* at 611. Transgender people (1) have "historically been subject to discrimination"; (2) have "a defining characteristic that bears a relation to [their] ability to perform or contribute to society"; (3) are "a discrete group by obvious, immutable, or distinguishing characteristics"; and (4) are "a minority lacking political power." *Id.*; *see also Flack v. Wis. Dep't of Health Servs.*, 328 F. Supp. 3d 931, 953 (W.D. Wis. 2018) ("[O]ne would be hard-pressed to identify a class of people more discriminated against historically or otherwise more deserving of the application of heightened scrutiny when singled out for adverse treatment, than transgender people."). Applying heightened scrutiny, the Court would find that the Complaint plausibly alleges that Defendants' actions in placing

18

Plaintiff in an all-male unit constituted discrimination not substantially related to an important government interest.

Regretfully, the Court is unable to engage in that analysis or arrive at those conclusions. Directed by binding precedent in *Brown*, the Court agrees with Judge Neureiter that the Complaint fails to plausibly allege that the El Paso County Jail lacked a rational basis for housing Plaintiff in an all-male unit and declining to give her feminine clothing and grooming products. Plaintiff's equal protection claim must be dismissed.

      2.    <u>Sexual Harassment as an Equal Protection Claim</u>

Plaintiff also objects that Judge Neureiter erred by not considering the second basis for Plaintiff's equal protection claim: that she was subjected to significant verbal and physical harassment by staff and other inmates. (Doc. # 169 at 16.)

Sexual harassment can constitute unlawful sex discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. *See Shepherd v. Robbins*, 55 F.4th 810, 816–17 (10th Cir. 2022) (observing that the Tenth Circuit has "discussed Fourteenth Amendment equal protection claims involving sexual harassment a handful of times" in the employment and education contexts). However, as noted by *Barney v. Pulsipher*, 143 F.3d 1299, 1312 n.15 (10th Cir. 1998), the Tenth Circuit opinions addressing sexual harassment as an equal protection violation have primarily dealt with charges of sexual harassment "in the *employment* context." *Cf. Shepherd*, 55 F.4th at 818 (observing that the Tenth Circuit has also extended such claims to the educational context and to situations where state agents abused their permit or licensing authority to attempt to derive sexual favors). In declining to consider two inmates' sexual

harassment claims as violations of the equal protection clause, the *Barney* court stated that claims "of sexual harassment and assault of inmates by prison guards are more properly analyzed under the Eighth Amendment." Similarly, in *Women Prisoners v. District of Columbia*, cited by *Barney*, the court declined to analyze sexual harassment claims brought by pretrial detainees and inmates as equal protection violations because the court found that the harassment violates the Eighth Amendment and, "*a fortiori* . . . the Fifth Amendment rights of pretrial detainees." 877 F. Supp. 634, 664 n.38 (D.D.C. 1994), *vacated in part, modified in part*, 899 F. Supp. 659 (D.C. 1995), *vacated in part and remanded* 93 F.3d 910 (D.C. Cir. 1996).[3]

In line with the above logic, Judge Neureiter appropriately analyzed Plaintiff's allegations of sexual harassment she experienced as a pretrial detainee as a violation of her due process rights. (Doc. # 165 at 27); *see Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2000). Plaintiff has provided no authority from within this Circuit, and the Court has found none, demonstrating that it is clearly established that a pretrial detainee may assert a cognizable equal protection claim on the basis of sexual harassment. The Court is satisfied that Judge Neureiter adequately addressed Plaintiff's sexual harassment allegations elsewhere in the Recommendation via her other claims.

---

[3] On appeal, the Federal Circuit considered the sexual harassment claims as asserting violations of the Eighth Amendment and did not address sexual harassment through the lens of equal protection. *See Women Prisoners v. District of Columbia*, 93 F.3d 910, 927, 929 (D.C. Cir. 1996).

## IV.    <u>CONCLUSION</u>

In sum, the Court finds Judge Neureiter's Recommendation to be thorough, well-reasoned, and correct. For the reasons stated above, the Court ORDERS as follows:

- The February 27, 2023 Report and Recommendation (Doc. # 165) is AFFIRMED and ADOPTED as an Order of this Court;

- Defendants' Motion to Dismiss Third Amended Complaint (Doc. # 132) is GRANTED; and

- Plaintiff's Third Amended Complaint (Doc. # 124) is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to close this case.

DATED:  March 27, 2023

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
Senior United States District Judge

Case 1:21-cv-00387-CMA-NRN   Document 176-2   Filed 04/25/23   USDC Colorado   Page 1 of
14
4/26/23, 8:48 AM                                    CM/ECF - U.S. District Court:cod

Appellate Case: 23-1135   Document: 1-1   Date Filed: 04/26/2023   Page: 28

ALLMTN,APPEAL,CONMAG,JD4,MJ CIV PP,STAYDI,TERMED

### U.S. District Court - District of Colorado
### District of Colorado (Denver)
### CIVIL DOCKET FOR CASE #: 1:21-cv-00387-CMA-NRN

| | |
|---|---|
| Griffith v. El Paso County Colorado et al | Date Filed: 02/08/2021 |
| Assigned to: Senior Judge Christine M. Arguello | Date Terminated: 03/27/2023 |
| Referred to: Magistrate Judge N. Reid Neureiter | Jury Demand: Plaintiff |
| Demand: $1,000,000 | Nature of Suit: 555 Prisoner - Prison Condition |
| Cause: 42:1983 Prisoner Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Darlene Griffith**                                  represented by **Andrew Joseph McNulty**
                                                      Killmer Lane & Newman LLP
                                                      1543 Champa Street
                                                      Suite 400
                                                      Denver, CO 80202
                                                      303-571-1000
                                                      Email: amcnulty@kln-law.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Mari Anne Newman**
                                                      Killmer Lane & Newman LLP
                                                      1543 Champa Street
                                                      Suite 400
                                                      Denver, CO 80202
                                                      303-571-1000
                                                      Fax: 303-571-1001
                                                      Email: mnewman@kln-law.com
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**El Paso County Colorado**                          represented by **Bryan E. Schmid**
                                                      El Paso County Attorney's Office
                                                      200 South Cascade Avenue
                                                      Suite 150
                                                      Colorado Springs, CO 80903
                                                      719-520-7032
                                                      Fax: 719-520-6487
                                                      Email: bryanschmid@elpasoco.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Christopher Michael Strider**
                                                      El Paso County Attorney's Office
                                                      200 South Cascade Avenue
                                                      Suite 150
                                                      Colorado Springs, CO 80903
                                                      719-520-7264
                                                      Fax: 719-520-6487
                                                      Email: chrisstrider@elpasoco.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Nathan James Whitney**
                                                      El Paso County Attorney's Office
                                                      200 South Cascade Avenue
                                                      Suite 150
                                                      Colorado Springs, CO 80903
                                                      719-520-6597
                                                      Fax: 719-520-6487
                                                      Email: nathanwhitney@elpasoco.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Steven Ward Martyn**
                                                      El Paso County Attorney's Office
                                                      Civil Division
                                                      200 South Cascade Avenue
                                                      Suite 150
                                                      Colorado Springs, CO 80903-2208

719-520-7386
Fax: 719-520-6487
Email: StevenMartyn@elpasoco.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wellpath LLC**
*TERMINATED: 06/07/2022*

represented by **Ashlee B. Hesman**
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road
Suite 300
Chandler, AZ 85226
480-420-1600
Fax: 480-420-1695
Email: ahesman@strucklove.com
*TERMINATED: 08/11/2022*

**Catherine O'Brien Crum**
Nixon Shefrin Ogburn Drew, P.C.
5619 DTC Parkway
Suite 1200
Greenwood Village, CO 80111-3061
303-773-3500
Fax: 303-779-0740
Email: cobrien@hallboothsmith.com
*TERMINATED: 11/01/2021*

**Daniel Patrick Struck**
Struck Love Bojanowski & Acedo PLC
3100 West Ray Road
Suite 300
Chandler, AZ 85226
480-420-1600
Fax: 480-420-1699
Email: dstruck@strucklove.com
*TERMINATED: 08/11/2022*

**Kristina R. Rood**
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road
Suite 300
Chandler, AZ 85226
480-420-1600
Email: krood@strucklove.com
*TERMINATED: 08/11/2022*

**Lauren Elizabeth Kuhn**
Sandberg Phoenix & von Gontard PC
4600 Madison Avenue
Suite 1000
Kansas City, MO 64112
816-627-2783
Email: lkuhn@sandbergphoenix.com
*TERMINATED: 11/01/2021*

**Defendant**

**Christine Mohr**
*in her individual capacity*
*TERMINATED: 06/02/2022*

represented by **Ashlee B. Hesman**
(See above for address)
*TERMINATED: 08/11/2022*

**Daniel Patrick Struck**
(See above for address)
*TERMINATED: 08/11/2022*

**Kristina R. Rood**
(See above for address)
*TERMINATED: 08/11/2022*

**Defendant**

**Bill Elder**
*Sheriff*

represented by **Bryan E. Schmid**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Michael Strider**
(See above for address)

Case 1:21-cv-00387-CMA-NRN   Document 176-2   Filed 04/25/23   USDC Colorado   Page 3 of
14
4/26/23, 8:48 AM                        CM/ECF - U.S. District Court:cod

Appellate Case: 23-1135      Document: 1-1      Date Filed: 04/26/2023      Page: 30

**Nathan James Whitney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Ward Martyn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bill (I) Elder**                                  represented by   **Bryan E. Schmid**
*Individual capacity*                                               (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Christopher Michael Strider**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Nathan James Whitney**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Steven Ward Martyn**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Cy Gillespie**                                    represented by   **Bryan E. Schmid**
*Commander, in his individual capacity*                             (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Christopher Michael Strider**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Nathan James Whitney**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Steven Ward Martyn**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Draper**                                          represented by   **Christopher Michael Strider**
*Deputy, F/N/U, in his individual capacity*                         El Paso County Attorney's Office
*TERMINATED: 05/24/2022*                                            200 South Cascade Avenue
                                                                    Colorado Springs, CO 80903
                                                                    719-520-7264
                                                                    Fax: 719-520-6487
                                                                    Email: chrisstrider@elpasoco.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Nathan James Whitney**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Terry Angela Sample**
                                                                    El Paso County Attorney's Office
                                                                    200 South Cascade Avenue
                                                                    Colorado Springs, CO 80903
                                                                    719-520-6485
                                                                    Fax: 719-520-6487
                                                                    Email: terrysample@elpasoco.com
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Cynthia Ayad**                                    represented by   **Nathan James Whitney**
*Sgt.*                                                              (See above for address)
*TERMINATED: 04/19/2021*                                            *ATTORNEY TO BE NOTICED*

**Defendant**

Bradberry
*Ms., Deputy*
*TERMINATED: 04/19/2021*

**Interested Party**

**CASE MANAGER/ INMATE COORDINATOR OF:**
**Darlene Griffith**

**Defendant**

**Pete Carey**
*E.P.C. Under Sheriff*
*TERMINATED: 03/04/2021*

**Defendant**

**Eric Carnell**
*Lieutenant*
*TERMINATED: 04/19/2021*

**Defendant**

**Aaron Earnheart**
*Sgt.*
*TERMINATED: 04/19/2021*

**Defendant**

**K. Forrell**
*Prea-Investigator*
*TERMINATED: 04/19/2021*

**Defendant**

**Francs**
*Mr., Deputy*
*TERMINATED: 04/19/2021*

**Defendant**

**James**
*Ms., Deputy; Jane Doe, Deputy; John Doe, Deputy; John
Doe, Sgt. for/Works Intake*
*TERMINATED: 04/19/2021*

**Defendant**

**Motta**
*Ms., Deputy*
*TERMINATED: 04/19/2021*

**Defendant**

**Liz O'Neal**
*Manager for Inmate Class*
*TERMINATED: 04/19/2021*

**Defendant**

**Andrew Prehm**
*E.P.C. Chief*
*TERMINATED: 03/04/2021*

**Defendant**

**Sterling**
*Mr., Deputy*
*TERMINATED: 04/19/2021*

**Defendant**

**Elizabeth O'Neal**                                        represented by **Bryan E. Schmid**
*in her individual capacity*                                              (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Nathan James Whitney**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Steven Ward Martyn**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

Case 1:21-cv-00387-CMA-NRN   Document 176-2   Filed 04/25/23   USDC Colorado   Page 5 of
14
4/26/23, 8:48 AM                                CM/ECF - U.S. District Court:cod

Appellate Case: 23-1135     Document: 1-1     Date Filed: 04/26/2023     Page: 32

**Defendant**

**Andrew Mustapick**                                        represented by   **Bryan E. Schmid**
*in his individual capacity*                                                (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Nathan James Whitney**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Steven Ward Martyn**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Dawne Elliss**                                           represented by   **Bryan E. Schmid**
*in her individual capacity*                                                (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Nathan James Whitney**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Steven Ward Martyn**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Tiffany Noe**                                            represented by   **Bryan E. Schmid**
*in her individual capacity*                                                (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Nathan James Whitney**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Steven Ward Martyn**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Brande Ford**                                            represented by   **Bryan E. Schmid**
*in her individual capacity*                                                (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Nathan James Whitney**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

                                                                            **Steven Ward Martyn**
                                                                            (See above for address)
                                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/08/2021 | 1 | PRISONER COMPLAINT against Pete Carey, Bill Elder, CY Gillespie, Andrew Prehm, filed by Darlene Griffith. (Attachments: # 1 Envelope)(alave, ) (Entered: 02/08/2021) |
| 02/08/2021 | 2 | Case assigned to Magistrate Judge Gordon P. Gallagher. Text Only Entry. (alave, ) (Entered: 02/08/2021) |
| 02/08/2021 | 3 | Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915. by Plaintiff Darlene Griffith. (Attachments: # 1 Resident Account Statement)(alave, ) (Entered: 02/08/2021) |
| 02/08/2021 | 4 | Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915. by Plaintiff Darlene Griffith. (alave, ) (Entered: 02/08/2021) |
| 02/09/2021 | 5 | ORDER Granting 3 Motion for Leave to Proceed Under 28 U.S.C. § 1915. The Clerk of Court send a copy of this order to the Business Office, Attn: Inmate Accounts, El Paso County Criminal Justice Center,Colorado Springs, Colorado. The Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 4 ) is DENIED as improperly filed. By Magistrate Judge Gordon P. Gallagher on 02/09/2021. (athom, ) (mailed to facility as ordered) (Entered: 02/09/2021) |
| 02/11/2021 | 6 | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT. If Plaintiff fails to file an amended complaint that complies with this order within the time allowed, some or all of this action may be dismissed without further notice based on the |

| | | allegations of the original Prisoner Complaint. By Magistrate Judge Gordon P. Gallagher on 02/11/2021.(athom, ) (Entered: 02/11/2021) |
|---|---|---|
| 02/18/2021 | 7 | RESPONSE to 5 Order on Motion for Leave to Proceed in Forma Pauperis, by Plaintiff Darlene Griffith. (athom, ) (Entered: 02/19/2021) |
| 02/18/2021 | 8 | MOTION for Appointment of Counsel by Plaintiff Darlene Griffith. (athom, ) (Entered: 02/19/2021) |
| 03/04/2021 | 9 | AMENDED Prisoner COMPLAINT against Cynthia Ayad, Bradberry, Eric Carnell, Drapper, Aaron Earnheart, K. Forrell, Francs, Cy Gillespie, James, Motta, Liz O'Neal, Sterling, filed by Darlene Griffith. (athom, ) (Entered: 03/05/2021) |
| 03/11/2021 | 10 | MINUTE ORDER by Magistrate Judge Gordon P. Gallagher on 03/11/2021. Pursuant to D.C.COLO.LCivR 8.1, the Clerk of Court is directed to assign this matter to Senior Judge Lewis T. Babcock. The undersigned will remain as the assigned magistrate judge. (athom, ) (Entered: 03/11/2021) |
| 03/12/2021 | 11 | ORDER of Reference to United States Magistrate Judge Gordon P. Gallagher. By Judge Lewis T. Babcock on 03/12/2021. All future pleadings should be designated as 21-cv-00387-LTB-GPG. (athom, ) (Entered: 03/12/2021) |
| 03/12/2021 | 12 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 9 Amended Complaint filed by Darlene Griffith. By Magistrate Judge Gordon P. Gallagher on 03/12/2021. (athom, ) (Entered: 03/12/2021) |
| 03/24/2021 | 13 | MOTION for Emergency Preliminary Injunction and Permanent Injunction Relief by Plaintiff Darlene Griffith. (athom, ) (Entered: 03/25/2021) |
| 03/24/2021 | 14 | MOTION to Make this Action Class Action to Similarly Situated Persons by Plaintiff Darlene Griffith. (athom, ) (Entered: 03/25/2021) |
| 03/29/2021 | 15 | ORDER that Plaintiff's "Motion for Emergency Preliminary Injunction and Permanent Injunctive Relief" (ECF No. 13 ) and "Motion to Make this Action Class Action to Similarly Situated Person(s)"(ECF No. 14 ) are DENIED. That Plaintiff shall have 14 days from the date of this order to file any written objections to the Recommendation of United States Magistrate Judge (ECF No. 12 ), by Judge Lewis T. Babcock on 3/29/2021.(evana, ) (Entered: 03/29/2021) |
| 04/19/2021 | 16 | ORDER TO DISMISS IN PART AND TO DRAW CASE. The Recommendation of United States Magistrate Judge (ECF No. 12 ) is accepted and adopted. The Amended Prisoner Complaint (ECF No. 9 ) is dismissed without prejudice in part and drawn in part follows. The claims asserted against Defendants Jane Doe (Deputy), John Doe (Deputy), and Drapper (Deputy) are drawn to a presiding judge. See D.C.COLO.LCivR 8.1(c). The claims asserted Defendants ERIC CARNELL (LIEUTENANT), CYNTHIA AYAD (SGT.), CY GILLESPIE (COMMANDER FOR INMATE CLASS), LIZ O'NEAL (COMMANDER FOR INMATE CLASS), AARON EARNHEART (SGT.), JOHN DOE (SGT. FOR INTAKE), MR. K FORRELL (PREA INVESTIGATOR), MR. STERLING (DEPUTY), MR. FRANCS (DEPUTY), MS. MOTTA (DEPUTY), MS. BRADBERRY (DEPUTY), and MS. JAMES (DEPUTY) are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8, and these Defendants are dismissed as parties to this action. By Judge Lewis T. Babcock on 04/19/2021. This case is randomly reassigned to Magistrate Judge N. Reid Neureiter. All future pleadings should be designated as 21-cv-00387-NRN. (athom, ) (Entered: 04/19/2021) |
| 04/19/2021 | 17 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (athom, ) (Entered: 04/19/2021) |
| 04/19/2021 | 18 | ORDER SETTING STATUS CONFERENCE FOR PRO SE PLAINTIFF by Magistrate Judge N. Reid Neureiter on 19 April 2021. Consent Form due by 5/25/2021. Status Conference set for 6/8/2021 10:30 AM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. The Status Conference will be conducted via telephone. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. (cmadr, ) (Entered: 04/19/2021) |
| 04/19/2021 | 19 | CERTIFICATE of Service by mail by Clerk of Court re 18 to CASE MANAGER/ INMATE COORDINATOR OF: Darlene Griffith #0275824 El Paso County Criminal Justice Center 2739 East Las Vegas Street Colorado Springs, CO 80906. Text Only Entry (cmadr, ) (Entered: 04/19/2021) |
| 04/21/2021 | 20 | CERTIFICATE of Service by Clerk of Court re 16 Order to Dismiss in Part and to Draw Case 9 Amended Prisoner Complaint, 12 Recommendation of United States Magistrate Judge 18 Order Setting Status Conference for Service of Process. (trvo, ) (Entered: 04/21/2021) |
| 04/28/2021 | 21 | WAIVER OF SERVICE Returned Executed. Drapper waiver sent on 4/21/2021, answer due 6/20/2021. (cmadr, ) (Entered: 04/28/2021) |
| 05/04/2021 | 22 | NOTICE of Entry of Appearance by Terry Angela Sample on behalf of DrapperAttorney Terry Angela Sample added to party Drapper(pty:dft) (Sample, Terry) (Entered: 05/04/2021) |
| 05/04/2021 | 23 | NOTICE of Entry of Appearance by Christopher Michael Strider on behalf of DrapperAttorney Christopher Michael Strider added to party Drapper(pty:dft) (Strider, Christopher) (Entered: 05/04/2021) |
| 05/25/2021 | 24 | CONSENT to Jurisdiction of Magistrate Judge by Defendant Drapper All parties do not consent.. (Sample, Terry) (Entered: 05/25/2021) |
| 05/26/2021 | 25 | CASE REASSIGNED pursuant to 24 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Judge Christine M. Arguello. All future pleadings should be designated as 21-cv-00387-CMA. (Text Only Entry) (cmadr, ) (Entered: 05/26/2021) |
| 05/26/2021 | 26 | ORDER REFERRING CASE to Magistrate Judge N. Reid Neureiter. Magistrate Judge Neureiter is designated to conduct ALLMTN proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). The parties should expect to be given a firm trial setting that is 90 to 120 days from the date of the final pretrial conference and should be available for trial accordingly. Court-sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. The Magistrate Judge, at his/her discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may |

| | | facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. SO ORDERED by Judge Christine M. Arguello on 5/26/2021. Text Only Entry (cmasec) (Entered: 05/26/2021) |
|---|---|---|
| 05/26/2021 | 27 | MEMORANDUM regarding [8] MOTION to Appoint Counsel by Darlene Griffith. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 5/26/2021. Text Only Entry (cmasec) (Entered: 05/26/2021) |
| 06/08/2021 | 28 | APPOINTMENT ORDER by Magistrate Judge N. Reid Neureiter on 8 June 2021. It is hereby ORDERED that Plaintiff's Motion for Appointment of Counsel (Dkt. # [8] ) is GRANTED. Accordingly, it is further ORDERED that pursuant to D.C.COLO.LAttyR 15(f)(2), the Clerk shall select, notify, and appoint counsel to represent the unrepresented party in this civil matter. The Plaintiff is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case. The Court cautions Plaintiff that she remains responsible for all scheduled matters, including hearings, depositions, motions, and trial.(cmadr, ) (Entered: 06/08/2021) |
| 06/08/2021 | 29 | COURTROOM MINUTES for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Status Conference held on 6/8/2021. Telephonic Motion Hearing set for 8/24/2021 11:00 AM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. FTR: Courtroom C203. (slibi, ) (Entered: 06/08/2021) |
| 06/15/2021 | 30 | CONSENT to Jurisdiction of Magistrate Judge by Defendant Draper All parties consent.. (Sample, Terry) (Entered: 06/15/2021) |
| 06/15/2021 | 31 | ORDER OF REFERENCE TO 28 U.S.C. § 636(c). On May 25, 2021 and June 15, 2021, the parties notified the Court of their unanimous consent to disposition of the instant action by a United States Magistrate Judge (Docs. ## [24] , [30] ). The above action is referred for disposition to Magistrate Judge N. Reid Neureiter pursuant to 28 U.S.C. § 636(c), by Judge Christine M. Arguello on 6/15/2021. (evana, ) (Entered: 06/15/2021) |
| 06/18/2021 | 32 | MOTION to Dismiss by Defendant Draper. (Strider, Christopher) (Entered: 06/18/2021) |
| 07/15/2021 | 33 | MOTION for Summary Judgment by Plaintiff Darlene Griffith. (evana, ) (Entered: 07/16/2021) |
| 07/19/2021 | 34 | CERTIFICATE of Mailing/Service of Defendant's Motion to Dismiss by Defendant Draper. (Strider, Christopher) (Entered: 07/19/2021) |
| 07/21/2021 | 35 | MOTION for Extension of Time to File Opposition to [32] Motion to Dismiss by Plaintiff Darlene Griffith. (cmadr, ) (Entered: 07/21/2021) |
| 07/21/2021 | 36 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 21 July 2021. It is hereby ORDERED that Plaintiff's Motion for Extension of Time to File Opposition to Defendant's Motion to Dismiss (Dkt. # [35] ) is GRANTED as follows. Plaintiff's response to Defendants Motion to Dismiss Amended Complaint (Dkt. # [32] ) is due on or before August 6, 2021. The Court declines Plaintiff's invitation to order sanctions against Defendant. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 07/21/2021) |
| 08/09/2021 | 37 | Opposition (sic) to [32] MOTION to Dismiss filed by Plaintiff Darlene Griffith. (cmadr, ) (Entered: 08/09/2021) |
| 08/17/2021 | 38 | Notice of Pro Bono Appointment. Attorney Andrew McNulty of the law firm of Killmer Lane & Newman LLP has been selected as counsel to represent the Plaintiff, in accordance with the Court's Order of June 8, 2021 and D.C.COLO.LAttyR 15(f) of the U.S. District Court's Local Rules of Practice. Counsel has thirty days to either enter an appearance in the case or to file a Notice Declining Appointment. This Notice of Appointment will be sent to the pro se litigant and selected counsel by the undersigned designated clerk. (ebutl) (Entered: 08/17/2021) |
| 08/18/2021 | 39 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 18 August 2021. In light of the Notice of Pro Bono Appointment (Dkt. # [38] ), it is hereby ORDERED that the Motion Hearing set for August 24, 2021 at 11:00 a.m. is VACATED. A Status Conference is set for September 30, 2021 at 9:30 a.m. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 08/18/2021) |
| 08/23/2021 | 40 | REPLY to Response to [32] MOTION to Dismiss filed by Defendant Draper. (Strider, Christopher) (Entered: 08/23/2021) |
| 09/15/2021 | 41 | NOTICE of Entry of Appearance by Andrew Joseph McNulty on behalf of Darlene GriffithAttorney Andrew Joseph McNulty added to party Darlene Griffith(pty:pla) (McNulty, Andrew) (Entered: 09/15/2021) |
| 09/24/2021 | 42 | MINUTE ORDER. The upcoming Status Conference on September 30, 2021 at 9:30 a.m. in this matter shall be conducted via telephone. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. The Court notes that the parties may hear the conclusion of a prior hearing at the time they call in, and are instructed to simply wait until their case is called. SO ORDERED, by Magistrate Judge N. Reid Neureiter on September 24, 2021. Text Only Entry. (rvill, ) (Entered: 09/24/2021) |
| 09/29/2021 | 43 | NOTICE of Entry of Appearance by Nathan James Whitney on behalf of DraperAttorney Nathan James Whitney added to party Draper(pty:dft) (Whitney, Nathan) (Entered: 09/29/2021) |
| 09/30/2021 | 44 | COURTROOM MINUTES for Telephonic Status Conference held before Magistrate Judge N. Reid Neureiter on 9/30/2021. Plaintiff shall file Amended Complaint by October 4, 2021. Defendants shall be served by October 22, 2021. A Telephonic Status Conference is set for November 10, 2021 at 2:30 p.m. before Magistrate Judge N. Reid Neureiter. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. FTR: Courtroom C203. (rvill, ) (Entered: 09/30/2021) |
| 10/04/2021 | 45 | Unopposed MOTION for Leave to File Second Amended Complaint by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 10/04/2021) |
| 10/04/2021 | 46 | AMENDED COMPLAINT Second Amended Complaint against Drapper, Bill Elder, Cy Gillespie, El Paso County Colorado, Wellpath LLC, Christine Mohr, Doctor Jane Roe, filed by Darlene Griffith.(McNulty, Andrew) (Entered: 10/04/2021) |
| 10/04/2021 | 47 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 4 October 2021. is hereby ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # [45] ) is GRANTED finding good cause shown. Plaintiff's Second Amended |

| | | |
|---|---|---|
| | | Complaint and Jury Demand (Dkt. # 46 ) is ACCEPTED as the operative pleading in this case. The Clerk shall amend the case caption accordingly. It is further ORDERED that Defendants' Motion to Dismiss (Dkt. # 32 ) is DENIED as moot. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 33 ), which Plaintiff filed before counsel entered his appearance on her behalf, is DENIED WITHOUT PREJUDICE for failing to comply with Rule 56(c). PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 10/04/2021) |
| 10/15/2021 | 48 | MOTION for Preliminary Injunction , *Expedited Briefing Schedule, and Expedited Hearing* by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 10/15/2021) |
| 10/15/2021 | 49 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 15 October 2021. It is hereby ORDERED that a Status Conference is set on October 19, 2021 at3:30 p.m. to address the briefing schedule for Plaintiffs Motion for Preliminary Injunction 48 , status of service of process on Defendants, and status of Defendants' consent to the jurisdiction of a magistrate judge. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. (csarr, ) (Entered: 10/15/2021) |
| 10/15/2021 | 50 | WAIVER OF SERVICE Returned Executed by Darlene Griffith. El Paso County Colorado waiver sent on 10/15/2021, answer due 12/14/2021. (McNulty, Andrew) (Entered: 10/15/2021) |
| 10/15/2021 | 51 | NOTICE of Entry of Appearance by Mari Anne Newman on behalf of Darlene GriffithAttorney Mari Anne Newman added to party Darlene Griffith(pty:pla) (Newman, Mari) (Entered: 10/15/2021) |
| 10/19/2021 | 52 | COURTROOM MINUTES for Telephonic Status Conference held before Magistrate Judge N. Reid Neureiter on 10/19/2021. Defendant's response to the Motion for Preliminary Injunction is due by October 29, 2021. Plaintiff's reply is due by November 5, 2021. Witness and Exhibit lists shall be exchanged no later than 12:00 p.m. on November 10, 2021. A Preliminary Injunction Hearing is set for November 12, 2021 at 9:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Bryon G. Rogers Courthouse. FTR: Courtroom C203. (rvill, ) (Entered: 10/19/2021) |
| 10/20/2021 | 53 | MINUTE ORDER VACATING PRELIMINARY INJUNCTION HEARING AND REASSIGNING CASE TO DISTRICTJUDGEby Magistrate Judge N. Reid Neureiter on 20 October 2021. Plaintiff in this case seeks a preliminary injunction and an expedited hearing. Dkt. # 48 . However, there is a defendant in the case, WellPath LLC, that has not yet appeared. This Court can only preside over dispositive matters and preliminary injunction matters where all parties have consented to proceed before a magistrate judge. Wherefore, it is hereby ORDERED that the preliminary injunction hearing set for November 12, 2021 is VACATED. The Clerk is ORDERED to reassign this matter to the appropriate district judge. The expedited briefing schedule set on October 19, 2021 (see Dkt. # 52 ) remains in place, subject to modification by the district judge to whom the matter will be reassigned. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 10/20/2021) |
| 10/20/2021 | 54 | CASE REASSIGNED pursuant to 53 MINUTE ORDER VACATING PRELIMINARY INJUNCTION HEARING AND REASSIGNING CASE TO DISTRICT JUDGE. Pursuant to D.C.COLO.LCivR 40.1, the case has been directly reassigned to Judge Christine M. Arguello. All future pleadings should be designated as 21-cv-00387-CMA. (Text Only Entry) (cmadr, ) (Entered: 10/21/2021) |
| 10/21/2021 | 55 | NOTICE of Entry of Appearance by Catherine O'Brien Crum on behalf of Wellpath LLCAttorney Catherine O'Brien Crum added to party Wellpath LLC(pty:dft) (O'Brien Crum, Catherine) (Entered: 10/21/2021) |
| 10/21/2021 | 56 | WAIVER OF SERVICE Returned Executed by Wellpath LLC. Wellpath LLC waiver sent on 10/21/2021, answer due 12/20/2021. (O'Brien Crum, Catherine) (Entered: 10/21/2021) |
| 10/21/2021 | 57 | NOTICE of Entry of Appearance by Lauren Elizabeth Kuhn on behalf of Wellpath LLCAttorney Lauren Elizabeth Kuhn added to party Wellpath LLC(pty:dft) (Kuhn, Lauren) (Entered: 10/21/2021) |
| 10/28/2021 | 58 | ORDER REFERRING CASE to Magistrate Judge N. Reid Neureiter. Magistrate Judge Neureiter is designated to conduct ALLMTN proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). Court-sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. The Magistrate Judge, at his/her discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. SO ORDERED by Judge Christine M. Arguello on 10/28/2021. Text Only Entry (cmasec) (Entered: 10/28/2021) |
| 10/28/2021 | 59 | MEMORANDUM regarding 48 MOTION for Preliminary Injunction , *Expedited Briefing Schedule, and Expedited Hearing* filed by Darlene Griffith. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 10/28/2021. Text Only Entry (cmasec) (Entered: 10/28/2021) |
| 10/28/2021 | 60 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 28 October 2021. It is hereby ORDERED that a Status Conference is set on November 2, 2021 at 9:00 a.m. to address the briefing schedule for Plaintiffs Motion for Preliminary Injunction (Dkt. # 48 ). The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 10/28/2021) |
| 10/29/2021 | 61 | NOTICE of Entry of Appearance by Daniel Patrick Struck on behalf of Wellpath LLCAttorney Daniel Patrick Struck added to party Wellpath LLC(pty:dft) (Struck, Daniel) (Entered: 10/29/2021) |
| 10/29/2021 | 62 | NOTICE of Entry of Appearance by Ashlee B. Hesman on behalf of Wellpath LLCAttorney Ashlee B. Hesman added to party Wellpath LLC(pty:dft) (Hesman, Ashlee) (Entered: 10/29/2021) |
| 10/29/2021 | 63 | NOTICE of Entry of Appearance by Kristina R. Rood on behalf of Wellpath LLCAttorney Kristina R. Rood added to party Wellpath LLC(pty:dft) (Rood, Kristina) (Entered: 10/29/2021) |
| 10/29/2021 | 64 | RESPONSE to 48 MOTION for Preliminary Injunction , *Expedited Briefing Schedule, and Expedited Hearing* Attorney Nathan James Whitney added to party El Paso County Colorado(pty:dft), Attorney Nathan James Whitney added to party Bill Elder(pty:dft), Attorney Nathan James Whitney added to party Bill (I) Elder(pty:dft), Attorney Nathan James Whitney added to party Cy Gillespie(pty:dft) filed by Defendants Draper, El Paso County Colorado, Bill Elder, Bill (I) Elder, Cy Gillespie. (Whitney, Nathan) (Entered: 10/29/2021) |

| | | |
|---|---|---|
| 10/29/2021 | 65 | MOTION to Withdraw as Attorney *Pursuant to D.C.Colo.LAttyR. 5(b)* by Defendant Wellpath LLC. (O'Brien Crum, Catherine) (Entered: 10/29/2021) |
| 11/01/2021 | 66 | ORDER: Granting 65 Motion to Withdraw as Attorney. Attorneys Catherine O'Brien Crum and Lauren Kuhn are permitted to withdraw as counsel for Defendant Wellpath, LLC. The Court notes that Defendant continues to be represented by Mss. Hesman and Rood and Mr. Struck. FURTHER ORDERED that the Clerk of the Court is DIRECTED to delete Mss. O'Brien Crum and Kuhn's email addresses from future ECF filings and electronic notifications in this case. SO ORDERED by Judge Christine M. Arguello on 11/1/2021. Text Only Entry(cmasec) (Entered: 11/01/2021) |
| 11/02/2021 | 67 | COURTROOM MINUTES ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Status Conference on 11/2/2021. A two-day Preliminary Injunction Hearing is set to begin at 9:00 a.m. on December 9, 2021 before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Bryon G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. The parties shall exchange and file with the court witness and exhibit lists by the close of business day, no later than December 6, 2021. Plaintiff is entitled to 5 requests for production with a 14-day response time. The request should be reasonably related to the issues in the Preliminary Injunction. Plaintiff shall also prepare a proposed scheduling order for review at the end of the Preliminary Injunction Hearing. FTR: Courtroom C203. (rvill, ) (Entered: 11/02/2021) |
| 11/05/2021 | 68 | REPLY to Response to 48 MOTION for Preliminary Injunction , *Expedited Briefing Schedule, and Expedited Hearing* filed by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 11/05/2021) |
| 11/18/2021 | 69 | Joint MOTION for Protective Order by Defendants Draper, El Paso County Colorado, Bill Elder, Cy Gillespie. (Attachments: # 1 Proposed Order (PDF Only) Exhibit 1- Proposed Stipulated Protective Order)(Whitney, Nathan) (Entered: 11/18/2021) |
| 11/22/2021 | 70 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 22 November 2021. It is hereby ORDERED that a Telephonic Discovery Hearing is set for November 23, 2021 at 1:30 p.m. The parties are directed to prepare and email to Chambers by the close of business on November 22, 2021 a short (no longer than ten pages) joint statement setting forth each sides respective position concerning the dispute. The parties are advised that the joint statement will be attached to the courtroom minutes and made a part of the record. Counsel for the parties are also directed to jointly call Court Chambers, 303-335-2403, at the designated time. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 11/22/2021) |
| 11/23/2021 | 71 | COURTROOM MINUTES for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Discovery Hearing held on 11/23/2021. FTR: Courtroom C203. (Attachments: # 1 Joint Statement Re: Discovery Dispute, # 2 Exhibit 1) (rvill, ) (Entered: 11/23/2021) |
| 11/28/2021 | 72 | MEMORANDUM regarding 69 Joint MOTION for Protective Order filed by Cy Gillespie, El Paso County Colorado, Bill Elder, Draper. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 11/28/2021. Text Only Entry (cmasec) (Entered: 11/28/2021) |
| 11/29/2021 | 73 | MOTION for Extension of Time to File Answer or Otherwise Respond by Defendants Draper, El Paso County Colorado, Bill Elder, Bill (I) Elder, Cy Gillespie. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order for Extension of Time to Answer/Respond)(Whitney, Nathan) (Entered: 11/29/2021) |
| 11/29/2021 | 74 | MEMORANDUM regarding 73 MOTION for Extension of Time to File Answer or Otherwise Respond filed by Cy Gillespie, Bill (I) Elder, El Paso County Colorado, Bill Elder, Draper. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 11/29/2021. Text Only Entry (cmasec) (Entered: 11/29/2021) |
| 11/29/2021 | 75 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 29 November 2021. It is hereby ORDERED that the parties' Joint Motion for a Protective Order (Dkt. # 69 ) is GRANTED finding good cause shown. The proposed Stipulated Protective Order (Dkt. #69-1) is APPROVED and made an Order of Court. It is further ORDERED that County Defendants' Unopposed Motion for Extension of Time to File a Responsive Pleading (Dkt. # 73 ) is GRANTED. County Defendants shall answer or otherwise respond to Plaintiff's Second Amended Complaint (Dkt. # 46 ) on or before December 17, 2021. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 11/29/2021) |
| 11/29/2021 | 76 | STIPULATED PROTECTIVE ORDER by Magistrate Judge N. Reid Neureiter on 29 November 2021. (cmadr, ) (Entered: 11/29/2021) |
| 12/01/2021 | 77 | Unopposed MOTION for Writ of Habeas Corpus ad testificandum by Plaintiff Darlene Griffith. (Attachments: # 1 Proposed Document Writ of Habeas Corpus ad Testificandum)(McNulty, Andrew) (Entered: 12/01/2021) |
| 12/02/2021 | 78 | MEMORANDUM regarding 77 Unopposed MOTION for Writ of Habeas Corpus ad testificandum filed by Darlene Griffith. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 12/2/2021. Text Only Entry (cmasec) (Entered: 12/02/2021) |
| 12/02/2021 | 79 | WRIT of HABEAS CORPUS AD TESTIFICANDUM issued. (cmadr, ) (Entered: 12/02/2021) |
| 12/02/2021 | 80 | ORDER granting 77 Motion for Writ of Habeas Corpus ad Testificandum by Magistrate Judge N. Reid Neureiter on 2 December 2021. Text Only Entry.(cmadr, ) (Entered: 12/02/2021) |
| 12/06/2021 | 81 | Unopposed MOTION for Extension of Time to *File and Exchange Plaintiff's Exhibit List and Make Disclosures* by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 12/06/2021) |
| 12/06/2021 | 82 | MEMORANDUM regarding 81 Unopposed MOTION for Extension of Time to *File and Exchange Plaintiff's Exhibit List and Make Disclosures* filed by Darlene Griffith. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 12/6/2021. Text Only Entry (cmasec) (Entered: 12/06/2021) |
| 12/06/2021 | 83 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 6 December 2021. It is hereby ORDERED that Plaintiff's Unopposed Motion for Extension of Time to File and Exchange Exhibit Lists and Make Disclosure's (Dkt. # 81 ) is GRANTED finding good cause shown. Plaintiff shall have up to and including December 7, 2021 to exchange and file her Exhibit List and to make her appropriate disclosures. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 12/06/2021) |

Case 1:21-cv-00387-CMA-NRN   Document 176-2   Filed 04/25/23   USDC Colorado   Page 10 of
14
4/26/23, 8:48 AM                                           CM/ECF - U.S. District Court:cod

Appellate Case: 23-1135     Document: 1-1     Date Filed: 04/26/2023     Page: 37

| 12/06/2021 | 84 | MOTION for Extension of Time to *Exchange Witness and Exhibit Lists for Preliminary Injunction Hearing* by Defendants Draper, El Paso County Colorado, Bill Elder, Cy Gillespie. (Whitney, Nathan) (Entered: 12/06/2021) |
| 12/06/2021 | 85 | Witness List by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 12/06/2021) |
| 12/06/2021 | 86 | Witness List by Defendant El Paso County Colorado. (Whitney, Nathan) (Entered: 12/06/2021) |
| 12/07/2021 | 87 | Exhibit List *for Preliminary Injunction Hearing* by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 12/07/2021) |
| 12/07/2021 | 88 | Exhibits in Support *for Preliminary Injunction Hearing* by Defendants Draper, El Paso County Colorado, Bill Elder, Cy Gillespie. (Whitney, Nathan) (Entered: 12/07/2021) |
| 12/08/2021 | 89 | MEMORANDUM regarding 84 MOTION for Extension of Time to *Exchange Witness and Exhibit Lists for Preliminary Injunction Hearing* filed by Cy Gillespie, El Paso County Colorado, Bill Elder, Draper. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 12/8/2021. Text Only Entry (cmasec) (Entered: 12/08/2021) |
| 12/08/2021 | 90 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 8 December 2021. It is hereby ORDERED that Defendants' Unopposed Motion for Extension of Time to File and Exchange Witness and Exhibit List for the Preliminary Injunction Hearing (Dkt. # 84 ) is GRANTED finding good cause shown. Defendants shall have up to and including December 7, 2021 to exchange and file their Witness and Exhibit List. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 12/08/2021) |
| 12/08/2021 | 91 | STIPULATION by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 12/08/2021) |
| 12/08/2021 | 92 | MINUTE ORDER by Magistrate Judge N. Reid Neureiter on 12/8/2021. In light of the parties' Stipulation (Dkt. # 91 ), it is hereby ORDERED that Plaintiff's Motion for Preliminary Injunction (Dkt. # 48 ) is DENIED as moot and the Preliminary Injunction Hearing set for December 9, 2021 at 9:00 a.m. is VACATED. It is further ORDERED that the terms of the Stipulation are ADOPTED and made an Order of Court. (rvill, ) (Entered: 12/08/2021) |
| 12/09/2021 | 93 | NOTICE of Entry of Appearance by Daniel Patrick Struck on behalf of Christine MohrAttorney Daniel Patrick Struck added to party Christine Mohr(pty:dft) (Struck, Daniel) (Entered: 12/09/2021) |
| 12/09/2021 | 94 | NOTICE of Entry of Appearance by Ashlee B. Hesman on behalf of Christine MohrAttorney Ashlee B. Hesman added to party Christine Mohr(pty:dft) (Hesman, Ashlee) (Entered: 12/09/2021) |
| 12/09/2021 | 95 | NOTICE of Entry of Appearance by Kristina R. Rood on behalf of Christine MohrAttorney Kristina R. Rood added to party Christine Mohr(pty:dft) (Rood, Kristina) (Entered: 12/09/2021) |
| 12/09/2021 | 96 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 46 Amended Complaint *as to Defendant Mohr* by Defendants Christine Mohr, Wellpath LLC. (Attachments: # 1 Proposed Order (PDF Only))(Hesman, Ashlee) (Entered: 12/09/2021) |
| 12/09/2021 | 97 | MEMORANDUM regarding 96 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 46 Amended Complaint *as to Defendant Mohr* filed by Wellpath LLC, Christine Mohr. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 12/9/2021. Text Only Entry (cmasec) (Entered: 12/09/2021) |
| 12/09/2021 | 98 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 9 December 2021. It is hereby ORDERED that Defendant Dr. Christine Mohr's Unopposed Motion for Extension of Time to File Responsive Pleading (Dkt. # 96 ) is GRANTED. Dr. Mohr shall answer or otherwise respond to Plaintiff's Amended Complaint (Dkt. # 46 ) on or before December 20, 2021. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 12/09/2021) |
| 12/16/2021 | 99 | Joint MOTION to Stay Case Pending Settlement Conference by Defendants Draper, El Paso County Colorado, Bill Elder, Cy Gillespie. (Attachments: # 1 Proposed Order (PDF Only) )(Whitney, Nathan) (Entered: 12/16/2021) |
| 12/29/2021 | 100 | MEMORANDUM regarding 99 Joint MOTION to Stay *Case Pending Settlement Conference*Joint MOTION for Hearing/Conference *for Purposes of Settlement* filed by Cy Gillespie, El Paso County Colorado, Bill Elder, Draper. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 12/29/2021. Text Only Entry (cmasec) (Entered: 12/29/2021) |
| 01/04/2022 | 101 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 4 January 2022. This case is before the Court on It is hereby ORDERED that the parties' Joint Motion for Settlement Conference and to Stay Case Pending Settlement Conference (Dkt. # 99 ) is GRANTED as follows. The parties are directed to jointly contact Chambers (303-335-2403) no later than January 7, 2022 to schedule a Settlement Conference. It is further ORDERED that this matter is STAYED until such time as a Settlement Conference is scheduled or until further Order of the Court. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 01/04/2022) |
| 01/24/2022 | 102 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 24 January 2022. It is hereby ORDERED that a Settlement Conference is set on April 8, 2022 at 9:00 a.m. in Courtroom C-203, Second Floor, Byron G. Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 01/24/2022) |
| 02/24/2022 | 103 | MOTION for Leave to *Appear Telephonically at April 8, 2022 Settlement Conference* 102 Order, by Defendants Christine Mohr, Wellpath LLC. (Hesman, Ashlee) (Entered: 02/24/2022) |
| 02/24/2022 | 104 | MEMORANDUM regarding 103 MOTION for Leave to *Appear Telephonically at April 8, 2022 Settlement Conference* 102 Order, filed by Wellpath LLC, Christine Mohr. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 2/24/2022. Text Only Entry (cmasec) (Entered: 02/24/2022) |
| 03/01/2022 | 105 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 1 March 2022. It is hereby ORDERED that Defendants Wellpath and Mohr's Unopposed Motion for Leave to Appear Telephonically at April 8, 2022 Settlement Conference (Dkt. # 103 ) is GRANTED IN PART and DENIED IN PART as follows. The Wellpath representative is given leave to attend the April 8, 2022 Settlement Conference by telephone, but the Court expects Wellpath's counsel to appear in person. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 03/01/2022) |

| 03/17/2022 | 106 | Unopposed MOTION for Leave to Appear *CLIENTS AND ADJUSTER TO APPEAR TELEPHONICALLY AT APRIL 8, 2022 SETTLEMENT CONFERENCE AND REQUEST FOR STATUS CONFERENCE* by Defendants Draper, El Paso County Colorado, Bill Elder, Bill (I) Elder, Cy Gillespie. (Attachments: # 1 Exhibit A. Resolution 20-19)(Whitney, Nathan) (Entered: 03/17/2022) |
|---|---|---|
| 03/17/2022 | 107 | MEMORANDUM regarding 106 Unopposed MOTION for Leave to Appear *CLIENTS AND ADJUSTER TO APPEAR TELEPHONICALLY AT APRIL 8, 2022 SETTLEMENT CONFERENCE AND REQUEST FOR STATUS CONFERENCE* filed by Cy Gillespie, Bill (I) Elder, El Paso County Colorado, Bill Elder, Draper. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 3/17/2022. Text Only Entry (cmasec) (Entered: 03/17/2022) |
| 03/18/2022 | 108 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 18 March 2022. It is hereby ORDERED that the County Defendants' Unopposed Motion for Clients and Adjuster to Appear Telephonically at April 8, 2022 Settlement Conference and Request for Status Conference (Dkt. # 106) is GRANTED IN PART and DENIED IN PART as follows. Defendants Elder and Gillespie and El Paso County's Adjuster are given leave to attend the Settlement Conference telephonically. The Court understands that the County Defendants' settlement authority will be contingent upon final approval by a vote of the El Paso County Board of County Commissioners, and the Settlement Conference will proceed with that understanding. No status conference is necessary. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 03/18/2022) |
| 04/08/2022 | 109 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 8 April 2022. It is hereby ORDERED that a Scheduling Conference is set for April 29, 2022 at 10:00 a.m. The proposed Scheduling Order is due on or before April 22, 2022. The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 04/08/2022) |
| 04/08/2022 | 110 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Settlement Conference held on 4/8/2022. (rvill, ) (Entered: 04/11/2022) |
| 04/22/2022 | 111 | Proposed Scheduling Order by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 04/22/2022) |
| 04/22/2022 | 112 | CONSENT to Jurisdiction of Magistrate Judge by Defendants Christine Mohr, Wellpath LLC All parties do not consent.. (Hesman, Ashlee) (Entered: 04/22/2022) |
| 04/29/2022 | 113 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Scheduling Conference held on 4/29/2022. Discovery due by 2/15/2023. Dispositive Motions due by 3/17/2023. Telephonic Status Conference set for 10/11/2022 at 11:30 AM in Courtroom C203 before Magistrate Judge N. Reid Neureiter. The parties are directed to call the conference line asa participant at (888) 398-2342, Access Code 5755390# at the scheduled time. FTR: Courtroom C203. (rvill, ) (Entered: 04/29/2022) |
| 04/29/2022 | 114 | SCHEDULING ORDER by Magistrate Judge N. Reid Neureiter on April 29, 2022. (rvill, ) (Entered: 04/29/2022) |
| 05/09/2022 | 115 | STIPULATION re 76 Protective Order *(Joint Stipulation)* by Defendants Draper, El Paso County Colorado, Bill Elder, Bill (I) Elder, Cy Gillespie. (Strider, Christopher) (Entered: 05/09/2022) |
| 05/24/2022 | 116 | STIPULATION of Dismissal of Party *Defendant Jeremy Draper* by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 05/24/2022) |
| 06/01/2022 | 117 | NOTICE of Settlement by Defendants Christine Mohr, Wellpath LLC (Rood, Kristina) (Entered: 06/01/2022) |
| 06/01/2022 | 118 | ORDER: In light of the parties' 117 Notice of Settlement, the parties are DIRECTED to file appropriate dismissal documents in this matter by NOT LATER THAN 6/22/2022. SO ORDERED Dismissal Paper due by 6/22/2022. by Judge Christine M. Arguello on 6/1/2022. Text Only Entry (cmasec) (Entered: 06/01/2022) |
| 06/02/2022 | 119 | STIPULATION of Dismissal of Party *Dr. Christine Mohr with Prejudice* by Defendants Christine Mohr, Wellpath LLC. (Rood, Kristina) (Entered: 06/02/2022) |
| 06/02/2022 | 120 | Unopposed MOTION for Leave to *File Third Amended Complaint* by Plaintiff Darlene Griffith. (Attachments: # 1 Exhibit 1 - Third Amended Complaint - REDLINE, # 2 Exhibit 2 - Third Amended Complaint - CLEAN)(McNulty, Andrew) (Entered: 06/02/2022) |
| 06/02/2022 | 121 | Pursuant to 119 STIPULATION of Dismissal of Party, Defendant Christine Mohr (in her individual capacity) is terminated. Text Only Entry. (sphil, ) (Entered: 06/02/2022) |
| 06/03/2022 | 122 | STIPULATION of Dismissal of Party *Wellpath, LLC with Prejudice* by Defendant Wellpath LLC. (Rood, Kristina) (Entered: 06/03/2022) |
| 06/07/2022 | 123 | ORDER: Granting 120 Motion for Leave to File Third Amended Complaint. The Third Amended Complaint (attached as Exhibit [120-2] is accepted for filing and shall be filed by the Clerks Office as a separate document. SO ORDERED by Judge Christine M. Arguello on 6/7/2022. Text Only Entry(cmasec) (Entered: 06/07/2022) |
| 06/07/2022 | 124 | THIRD AMENDED COMPLAINT and Jury Demand against Bill Elder, Bill (I) Elder, El Paso County Colorado, Cy Gillespie, Brande Ford, Elizabeth O'Neal, Andrew Mustapick, Tiffany Noe, Dawne Elliss, filed by Darlene Griffith.(sphil, ) Modified on 6/7/2022 (Amended compliant filed per [#123] order. (sphil, ). (Entered: 06/07/2022) |
| 06/15/2022 | 125 | WAIVER OF SERVICE Returned Executed by Darlene Griffith. Andrew Mustapick waiver sent on 6/7/2022, answer due 8/6/2022. (McNulty, Andrew) (Entered: 06/15/2022) |
| 06/15/2022 | 126 | WAIVER OF SERVICE Returned Executed by Darlene Griffith. Brande Ford waiver sent on 6/7/2022, answer due 8/6/2022. (McNulty, Andrew) (Entered: 06/15/2022) |
| 06/15/2022 | 127 | WAIVER OF SERVICE Returned Executed by Darlene Griffith. Dawne Elliss waiver sent on 6/7/2022, answer due 8/6/2022. (McNulty, Andrew) (Entered: 06/15/2022) |

| 06/15/2022 | 128 | WAIVER OF SERVICE Returned Executed by Darlene Griffith. Elizabeth O'Neal waiver sent on 6/7/2022, answer due 8/6/2022. (McNulty, Andrew) (Entered: 06/15/2022) |
|---|---|---|
| 06/15/2022 | 129 | WAIVER OF SERVICE Returned Executed by Darlene Griffith. Tiffany Noe waiver sent on 6/7/2022, answer due 8/6/2022. (McNulty, Andrew) (Entered: 06/15/2022) |
| 06/20/2022 | 130 | Unopposed MOTION for Leave to File Excess Pages by Defendants Cynthia Ayad, El Paso County Colorado, Bill Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 06/20/2022) |
| 06/22/2022 | 131 | ORDER: Granting 130 Unopposed Motion for Leave to File Excess Pages. Defendants are permitted to file their Motion to Dismiss in excess of this Court's page limitations, NOT TO EXCEED 40 pages in total; Plaintiff's Response NOT TO EXCEED 40 pages total. SO ORDERED by Judge Christine M. Arguello on 6/22/2022. Text Only Entry(cmasec) (Entered: 06/22/2022) |
| 06/28/2022 | 132 | MOTION to Dismiss by Defendants El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 06/28/2022) |
| 06/29/2022 | 133 | MEMORANDUM regarding 132 MOTION to Dismiss filed by Bill (I) Elder, Brande Ford, Dawne Elliss, Andrew Mustapick, Cy Gillespie, Elizabeth O'Neal, Tiffany Noe, Bill Elder, El Paso County Colorado. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 6/29/2022. Text Only Entry (cmasec) (Entered: 06/29/2022) |
| 07/07/2022 | 134 | MOTION to Stay by Defendants El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 07/07/2022) |
| 07/08/2022 | 135 | MEMORANDUM regarding 134 MOTION to Stay filed by Bill (I) Elder, Brande Ford, Dawne Elliss, Andrew Mustapick, Cy Gillespie, Elizabeth O'Neal, Tiffany Noe, Bill Elder, El Paso County Colorado. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 7/8/2022. Text Only Entry (cmasec) (Entered: 07/08/2022) |
| 07/12/2022 | 136 | RESPONSE to 134 MOTION to Stay filed by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 07/12/2022) |
| 07/15/2022 | 137 | Unopposed MOTION for Extension of Time to File Response/Reply as to 132 MOTION to Dismiss by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 07/15/2022) |
| 07/24/2022 | 138 | MEMORANDUM regarding 137 Unopposed MOTION for Extension of Time to File Response/Reply as to 132 MOTION to Dismiss filed by Darlene Griffith. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 7/24/2022. Text Only Entry (cmasec) (Entered: 07/24/2022) |
| 07/25/2022 | 139 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 25 July 2022. It is hereby ORDERED that Plaintiff's Unopposed Motion for Extension of Time for Plaintiff to File Response to Defendants' Motion to Dismiss (Dkt. # 137 ) is GRANTED. Plaintiff's response to Defendants' Motion to Dismiss (Dkt. # 132 ) shall be filed on or before August 9, 2022. It is further ORDERED that the Court will hear argument on Defendants' Motion to Dismiss (Dkt. #132) and Motion to Stay Discovery (Dkt. # 134 ) at the hearing set for October 11, 2022. To ensure that the parties have adequate time to present their arguments, the hearing is RESET to October 11, 2022 at 11:00 a.m. The parties are directed to call the conference line at (888) 398-2342, Access Code 5755390# at the scheduled time. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 07/25/2022) |
| 07/26/2022 | 140 | REPLY to Response to 134 MOTION to Stay filed by Defendants El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 07/26/2022) |
| 07/27/2022 | 141 | NOTICE of Entry of Appearance by Steven Ward Martyn on behalf of El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'NealAttorney Steven Ward Martyn added to party El Paso County Colorado(pty:dft), Attorney Steven Ward Martyn added to party Bill Elder(pty:dft), Attorney Steven Ward Martyn added to party Bill (I) Elder(pty:dft), Attorney Steven Ward Martyn added to party Dawne Elliss(pty:dft), Attorney Steven Ward Martyn added to party Brande Ford(pty:dft), Attorney Steven Ward Martyn added to party Cy Gillespie(pty:dft), Attorney Steven Ward Martyn added to party Andrew Mustapick(pty:dft), Attorney Steven Ward Martyn added to party Tiffany Noe(pty:dft), Attorney Steven Ward Martyn added to party Elizabeth O'Neal(pty:dft) (Martyn, Steven) (Entered: 07/27/2022) |
| 08/01/2022 | 142 | Unopposed MOTION for Leave to File Excess Pages *on Plaintiff's Response to Defendants' Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)* by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 08/01/2022) |
| 08/01/2022 | 143 | MEMORANDUM regarding 142 Unopposed MOTION for Leave to File Excess Pages *on Plaintiff's Response to Defendants' Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)* filed by Darlene Griffith. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Christine M. Arguello on 8/1/2022. Text Only Entry (cmasec) (Entered: 08/01/2022) |
| 08/01/2022 | 144 | MINUTE ORDER by Magistrate Judge N. Reid Neureiter on 08/01/2022. It is hereby ORDERED that Plaintiff's Unopposed Motion for Leave to Exceed Page Limitation Regarding Plaintiff's Response to Defendants' Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. # 142 ) is GRANTED. Plaintiff's response to Defendants' Motion to Dismiss (Dkt. # 132 ) shall be no longer than fifty (50) pages in length, excluding the certificate of service. PLEASE READ ATTACHED MINUTE ORDER. (alave, ) (Entered: 08/01/2022) |
| 08/03/2022 | 145 | NOTICE *to Terminate ECF Filing Notifications to Counsel of Record* by Defendants Christine Mohr, Wellpath LLC (Rood, Kristina) (Entered: 08/03/2022) |
| 08/04/2022 | 146 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 145 Notice (Other) filed by attorney **Rood, Kristina**. The document is incorrectly formatted. Action to take – **REFILE THE DOCUMENT**. In order for an attorney to be withdrawn as counsel of record and term their ECF Notices, a Motion to Withdraw as Attorney must be filed. Refer to D.C.COLO.LAttyR 5(b). (Text Only Entry) (sphil, ) (Entered: 08/04/2022) |
| 08/08/2022 | 147 | RESPONSE to 132 MOTION to Dismiss *THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)* filed by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 08/08/2022) |

| 08/10/2022 | 148 | MOTION to Withdraw as Attorney by Defendants Christine Mohr, Wellpath LLC. (Struck, Daniel) (Entered: 08/10/2022) |
|---|---|---|
| 08/10/2022 | 149 | MOTION to Withdraw as Attorney by Defendants Christine Mohr, Wellpath LLC. (Hesman, Ashlee) (Entered: 08/10/2022) |
| 08/10/2022 | 150 | MOTION to Withdraw as Attorney by Defendants Christine Mohr, Wellpath LLC. (Rood, Kristina) (Entered: 08/10/2022) |
| 08/11/2022 | 151 | ORDER: Granting 148 , 149 , and 150 Motions to Withdraw as Attorneys. Attorneys Daniel P. Struck, Ashlee B. Hesman, and Kristina R. Rood are permitted to withdraw as counsel for Defendants Wellpath, LLC and Dr. Christine Mohr. FURTHER ORDERED that the Clerk of the Court is DIRECTED to delete Mr. Struck and Mss. Hesman and Rood's email addresses from future ECF filings and electronic notifications in this case. SO ORDERED by Senior Judge Christine M. Arguello on 8/11/2022. Text Only Entry(cmasec) (Entered: 08/11/2022) |
| 08/16/2022 | 152 | MOTION for Extension of Time to File Response/Reply as to 132 MOTION to Dismiss , MOTION for Leave to File Excess Pages *in their Reply in Support of Motion to Dismiss* by Defendants El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 08/16/2022) |
| 08/16/2022 | 153 | MEMORANDUM regarding 152 MOTION for Extension of Time to File Response/Reply as to 132 MOTION to Dismiss MOTION for Leave to File Excess Pages *in their Reply in Support of Motion to Dismiss* filed by Bill (I) Elder, Brande Ford, Dawne Elliss, Andrew Mustapick, Cy Gillespie, Elizabeth O'Neal, Tiffany Noe, Bill Elder, El Paso County Colorado. Motion referred to Magistrate Judge N. Reid Neureiter by Senior Judge Christine M. Arguello on 8/16/2022. Text Only Entry (cmasec) (Entered: 08/16/2022) |
| 08/17/2022 | 154 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 17 August 2022. It is hereby ORDERED that Defendants' Unopposed Motion for Extension of Time to File a Responsive Pleading and Motion for an Extension of Page Limitations (Dkt. # 152 ) is GRANTED. Defendants' reply brief is due on or before August 26, 2022 and shall be no longer than twenty-five (25) pages. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 08/17/2022) |
| 08/26/2022 | 155 | REPLY to Response to 132 MOTION to Dismiss filed by Defendants El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 08/26/2022) |
| 08/29/2022 | 156 | NOTICE of Supplemental Authorities re: 132 MOTION to Dismiss , 147 Response to Motion by Plaintiff Darlene Griffith (McNulty, Andrew) (Entered: 08/29/2022) |
| 09/29/2022 | 157 | NOTICE of Entry of Appearance by Bryan E. Schmid on behalf of El Paso County Colorado, Bill Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'NealAttorney Bryan E. Schmid added to party El Paso County Colorado(pty:dft), Attorney Bryan E. Schmid added to party Bill Elder(pty:dft), Attorney Bryan E. Schmid added to party Dawne Elliss(pty:dft), Attorney Bryan E. Schmid added to party Brande Ford(pty:dft), Attorney Bryan E. Schmid added to party Cy Gillespie(pty:dft), Attorney Bryan E. Schmid added to party Andrew Mustapick(pty:dft), Attorney Bryan E. Schmid added to party Tiffany Noe(pty:dft), Attorney Bryan E. Schmid added to party Elizabeth O'Neal(pty:dft) (Schmid, Bryan) (Entered: 09/29/2022) |
| 09/29/2022 | 158 | Joint MOTION to Amend/Correct/Modify 114 Scheduling Order by Defendants Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Schmid, Bryan) (Entered: 09/29/2022) |
| 09/29/2022 | 159 | MEMORANDUM regarding 158 Joint MOTION to Amend/Correct/Modify 114 Scheduling Order filed by Bill (I) Elder, Brande Ford, Dawne Elliss, Andrew Mustapick, Cy Gillespie, Elizabeth O'Neal, Tiffany Noe, Bill Elder. Motion referred to Magistrate Judge N. Reid Neureiter by Senior Judge Christine M. Arguello on 9/29/2022. Text Only Entry (cmasec) (Entered: 09/29/2022) |
| 09/29/2022 | 160 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 29 September 2022. It is hereby ORDERED that the parties' Joint Motion to Modify the Scheduling Order (Dkt. # 158 ) is GRANTED. The Scheduling Order (Dkt. # 114 ) is MODIFIED as follows: Discovery due by 6/15/2023. Dispositive Motions due by 7/15/2023. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 09/30/2022) |
| 10/11/2022 | 161 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Telephonic Motion Hearing held on 10/11/2022. Motion to Stay Discovery (Dkt. # 134 ) is TAKEN UNDER ADVISEMENT. The Court will issue a written order. Defendants' Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. # 132 ) is TAKEN UNDER ADVISEMENT. The Court will issue a written recommendation in due course. FTR: Courtroom C203. (rvill, ) (Entered: 10/11/2022) |
| 11/02/2022 | 162 | ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY (Dkt. # 134 ) by Magistrate Judge N. Reid Neureiter on 2 November 2022. it is hereby ORDERED that Defendants' Motion to Stay Discovery (Dkt. #134) is GRANTED. Discovery is STAYED pending the undersigned's issuance of a Report and Recommendation on Defendants' Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. # 132 ), after which the Court will reassess whether it is appropriate to lift the stay and proceed with discovery. (cmadr, ) (Entered: 11/02/2022) |
| 11/12/2022 | 163 | TRANSCRIPT of Telephonic Motion Hearing held on October 11, 2022 before Magistrate Judge Neureiter. Pages: 1-62. **NOTICE - REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 11/12/2022) |
| 02/09/2023 | 164 | Pro Se Notice of Change of Address/Contact Information by Plaintiff Darlene Griffith (trvo, ) (Entered: 02/10/2023) |
| 02/27/2023 | 165 | REPORT AND RECOMMENDATION ONDEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINTPURSUANT TO Fed. R. Civ. P. 12(b)(1) and (6)(Dkt. # 132 ) by Magistrate Judge N. Reid Neureiter on 27 February 2023. In light of the foregoing, it is hereby RECOMMENDED that Defendants' Motion to Dismiss (Dkt. # 132 ) be GRANTED, and that Plaintiff's Third Amended Complaint (Dkt. # 124 ) be DISMISSED. (cmadr, ) (Entered: 02/27/2023) |

| 03/02/2023 | 166 | AFFIDAVIT by Plaintiff Darlene Griffith. (sphil, ) (Entered: 03/03/2023) |
|---|---|---|
| 03/06/2023 | 167 | Unopposed MOTION for Leave to *EXCEED PAGE LIMITATION REGARDING OBJECTION TO REPORT AND RECOMMENDATION* by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 03/06/2023) |
| 03/08/2023 | 168 | ORDER: Granting 167 Unopposed Motion for Leave to File Excess Pages. Defendant is permitted to file her Objection to 165 Magistrate Judge Report and Recommendation in excess of this Court's page limitations, NOT TO EXCEED 30 pages in total, excluding Certificate of Service. SO ORDERED by Senior Judge Christine M. Arguello on 3/8/2023. Text Only Entry(cmasec) (Entered: 03/08/2023) |
| 03/08/2023 | 169 | OBJECTION to 165 Report and Recommendations filed by Plaintiff Darlene Griffith. (McNulty, Andrew) (Entered: 03/08/2023) |
| 03/13/2023 | 170 | Unopposed MOTION for Extension of Time to File Response/Reply as to 165 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 124 Amended Complaint,, Add and Terminate Parties, 132 MOTION to Dismiss filed by Bill (I) Elder, Brande Ford, Dawne Elliss, Andrew Mustapick, Cy Gill *and to Exceed Page Limitation* by Defendants El Paso County Colorado, Bill Elder, Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick, Tiffany Noe, Elizabeth O'Neal. (Whitney, Nathan) (Entered: 03/13/2023) |
| 03/17/2023 | 171 | ORDER: Granting in part and Denying in part 170 Unopposed Motion for Extension of Time to File Response and Exceed Page Limitations. Defendants are permitted to file their Response to 169 Plaintiffs Objection to 165 Magistrate Judge's Report and Recommendation in excess of this Court's page limitations, NOT TO EXCEED 25 pages in total, excluding Certificate of Service. DENYING Motion for Extension of Time. Defendants Objections continue to be due 3/22/2023. SO ORDERED by Judge Christine M. Arguello on 3/17/2023. Text Only Entry(cmasec) (Entered: 03/17/2023) |
| 03/22/2023 | 172 | RESPONSE to Objection to 165 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 124 Amended Complaint,, Add and Terminate Parties, filed by Darlene Griffith, 132 MOTION to Dismiss filed by Bill (I) Elder, Brande Ford, Dawne Elliss, Andrew Mustapick, Cy Gill filed by Defendants Bill (I) Elder, Dawne Elliss, Brande Ford, Cy Gillespie, Andrew Mustapick. (Whitney, Nathan) (Entered: 03/22/2023) |
| 03/27/2023 | 173 | ORDER Affirming and Adopting Recommendation of United States Magistrate Judge by Senior Judge Christine M. Arguello on 3/27/2023. 165 Report and Recommendations; granting 132 Motion to Dismiss. (msmot) (Entered: 03/27/2023) |
| 03/27/2023 | 174 | FINAL JUDGMENT by Clerk 3/27/2023. 173 Order on Motion to Dismiss, Order on Report and Recommendations (msmot) (Entered: 03/27/2023) |
| 04/25/2023 | 175 | NOTICE OF APPEAL as to 173 Order on Motion to Dismiss, Order on Report and Recommendations by Plaintiff Darlene Griffith (Filing fee $ 505, Receipt Number ACODC-9066381) (McNulty, Andrew) (Entered: 04/25/2023) |