UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# DOCKETING STATEMENT

| Appeal Number | 23-1135 |
|---|---|
| Case Name | Griffith v. El Paso County, Colorado, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Appellant / Plaintiff Darlene Griffith |
| Appellee(s) or Respondent(s) | El Paso County, Colorado; Bill Elder; Cy Gillespie; Elizabeth O'Neal; Andrew Mustapick; Dawne Elliss; Tiffany Noe; Brande Ford |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket:   March 27, 2023

        **2.**   Date notice of appeal was **filed**:   April 25, 2023

        **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):   Thirty (30) days pursuant to Fed.R.App.P. 4(a)(1)(A)

            **a.**   Was the United States or an officer or an agency of the United States a party below?   No

            **b.**   Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:   No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): _____N/A_____

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when? _____N/A_____

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. _____Yes_____

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? _____N/A_____

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? _____N/A_____

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____N/A_____

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). _____N/A_____

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____N/A_____

    **B.**    **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

        **1.**    Date of the order to be reviewed:    N/A

        **2.**    Date petition for review was filed:    N/A

        **3.**    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order:    N/A

        **4.**    Specify the time limit for filing the petition (cite specific statutory section or other authority):    N/A

    **C.**    **APPEAL OF TAX COURT DECISION**

        **1.**    Date of entry of decision appealed:    N/A

        **2.**    Date notice of appeal was filed:    N/A
(If notice was filed by mail, attach proof of postmark.)

        **3.**    State the time limit for filing notice of appeal (cite specific statutory section or other authority):    N/A

        **4.**    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)    N/A

**II.**    **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    **A.**    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed?    N/A

    **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?    N/A

    **C.**    Describe the sentence imposed.    N/A

    **D.**    Was the sentence imposed after a plea of guilty?    N/A

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?    N/A

    **F.**    Is the defendant on probation or at liberty pending appeal?    N/A

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the

judgment of conviction is fully executed?          N/A

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

This is a prisoner rights case brought by transgender woman Darlene Griffith, who after being incorrectly housed in an all-male unit in the El Paso County Criminal Justice Center (CJC") filed her pro se prisoner complaint on February 8, 2021. The complaint was amended and after Counsel entered on her behalf a Third Amended Complaint was filed and became the operative complaint. The complaint alleges that El Paso County's policy of housing transgender women in male units resulted in Plaintiff suffering repeated sexual harassment, sexual assault, and discrimination at the hands of jail staff and other inmates. This sexual harassment, sexual assault, and discrimination violated Plaintiff's rights under the United States Constitution, Americans With Disabilities Act, and Rehabilitation Act.

Defendants filed a Motion to Dismiss the Third Amended Complaint on June 28, 2022, and in his Report and Recommendation, Magistrate Neureiter recommended that all 16 claims in the Complaint be dismissed. Judge Arguello entered her order affirming and adopting the magistrate's recommendations entirely and final judgment was entered.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

The issues to be addressed in the appeal include the following:

1) whether Plaintiff adequately alleged that Defendants violated her rights under the Fourteenth Amendment's Equal Protection clause;
2) whether Plaintiff, as a transgender woman, is a member of a suspect, or quasi-suspect, class;
3) whether *Brown v. Zavaras* controls this case, is good law, and/or was wrongly decided;

4) whether Defendants' deliberate decision to disregard Plaintiff's female gender identity, and instead treat her as a male inmate, was not substantially related to an important interest and violated the Equal Protection clause;
5) whether Defendants' actions fail rational basis review;
6) whether the sexual harassment to which Plaintiff was subjected demonstrates that Defendants violated the Equal Protection clause;
7) whether Plaintiff adequately alleges that Defendants violated her substantive due process rights under the Fourteenth Amendment;
8) whether Defendants subjected Plaintiff to unconstitutional conditions of confinement through near-constant sexual harassment and unwanted cross-gender touching;
9) whether Defendant Mustapick subjected Plaintiff to unconstitutional conditions of confinement through the cross-gender visual body-cavity search he performed on her;
10) whether Defendants El Paso County, Elder, Gillespie, Noe, Ford, and O'Neal subjected Plaintiff to unconstitutional conditions of confinement by forcing her to endure repeated cross-gender pat-down searches;
11) whether Defendants El Paso County, Elder, Gillespie, Noe, Ford, and O'Neal violated Plaintiff's rights under the United States and Colorado Constitutions by failing to protect her from assault;
12) whether Plaintiff adequately alleges that Defendants EL Paso County, Elder, Gillespie, Mustapick, and Elliss subjected her to multiple unlawful searches under the Fourth Amendment;
13) whether Defendants El Paso County, Elder, Gillespie, Mustapick, and Elliss violated Plaintiff's rights under the Fourteenth Amendment by unconstitutionally invading her right to privacy and bodily integrity;
14) whether Defendant Elliss failed to intervene to prevent the violation of Plaintiff's Fourth and Fourteenth Amendment rights;
15) whether Plaintiff adequately alleges municipal liability against El Paso County
16) whether Plaintiff adequately alleges that Defendants intentionally discriminated against her in violation of the Americans with Disabilities Act and Rehabilitation Act and is therefore entitled to recover compensatory damages.

**V.   ATTORNEY FILING DOCKETING STATEMENT:**

Name: Andy McNulty            Telephone: (303) 571-1000

Firm:        Killmer Lane & Newman, LLP

Email Address:    amcnulty@kln-law.com

Address:    1543 Chanpa Street, Suite 400

5

      Denver, CO 80202

*/s/ Andy McNulty*                      May 10, 2023
Signature                                                    Date

**NOTE:**     The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

              The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this **DOCKETING STATEMENT** was served on May 10, 2023, via CM/ECF which will send notification of such filing to the following:

Nathan Whitney
Steven W. Martyn
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
nwhitney@elpasoco.com
stevenmartyn@elpasoco.com

                                                *s/ Charlotte Bocquin Scull*
                                                Paralegal