IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

———————————

No. 23-1135

DARLENE GRIFFITH,

         Plaintiff-Appellant

v.

EL PASO COUNTY, COLORADO, *et al.*,

         Defendants-Appellees

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Honorable Judge Christine M. Arguello
No. 21-cv-00387-CMA-NRN

———————————

UNOPPOSED MOTION OF THE UNITED STATES
TO PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFF-APPELLANT

———————————

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), the United States respectfully moves to participate in oral argument in this appeal. In support of this motion, the United States provides as follows:

1. This appeal concerns two issues in which the federal government has substantial interests. First, this case requires a determination of the proper level of scrutiny for equal-protection claims challenging discrimination against transgender people. The United States has a strong interest in protecting the rights of

individuals who are lesbian, gay, bisexual, transgender, or intersex, and the President has issued an Executive Order that recognizes the right of all people to be "treated with respect and dignity" and receive "equal treatment under the law, no matter their gender identity or sexual orientation." Exec. Order No. 13,988, § 1, 86 Fed. Reg. 7023 (Jan. 20, 2021).

Second, this appeal concerns the proper standard for establishing damages liability for intentional discrimination under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12132 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. 794. The Department of Justice has significant responsibility for the enforcement and implementation of Title II and Section 504. *See* 29 U.S.C. 794(a); 42 U.S.C. 12133, 12134. Because both Title II and Section 504 entitle private plaintiffs to compensatory damages upon a showing of intentional discrimination, the outcome of this appeal will affect the ability of such plaintiffs to obtain complete relief. The United States has a strong interest in ensuring that individuals will serve as private attorneys general to supplement its enforcement efforts. *See* U.S. Amicus Br. at 1, *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023) (No. 22-429).

2. On August 28, 2023, the United States filed its Brief as Amicus Curiae in Support of Plaintiff-Appellant Darlene Griffith under Rule 29(a) of the Federal Rules of Appellate Procedure.

3. The Court has scheduled oral argument in this case for March 19, 2024.

4. Because of the federal government's interests in the proper interpretation of the Equal Protection Clause, Title II of the ADA, and Section 504 of the Rehabilitation Act, the United States requests permission to participate in oral argument in this case. If granted, the United States would participate in support of Griffith to argue that intermediate scrutiny applies to Griffith's equal-protection claim and that the deliberate-indifference standard applicable to certain damages claims under Title II and Section 504 does not contain the type of "settled law" requirement adopted by the district court below.

5. Counsel for Griffith consents to the United States' request to participate in oral argument and has agreed to cede six minutes of argument time to the United States. Therefore, the United States' participation in oral argument will not affect the overall time allotted for this case.

6. Counsel for defendants-appellees do not oppose the United States' participation.

WHEREFORE, the United States respectfully requests leave to participate in the oral argument of this appeal.

Respectfully submitted,

KRISTEN CLARKE
  Assistant Attorney General

s/ Matthew N. Drecun
TOVAH R. CALDERON
MATTHEW N. DRECUN
  Attorneys
  U.S. Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 550-9589

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion:

(1)  complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 489 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f); and

(2)  complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365, in 14-point Times New Roman font.

                                                  s/ Matthew N. Drecun
                                                  MATTHEW N. DRECUN
                                                     Attorney

Date:  January 25, 2024

## CERTIFICATE OF DIGITAL SUBMISSION

I certify that the electronic version of the foregoing Motion, prepared for submission via ECF, complies with the following requirements:

(1) No privacy redactions were required under Federal Rule of Appellate Procedure 25(a)(5) and Tenth Circuit Rule 25.5;

(2) The ECF submission has been scanned for viruses with the most recent version of Crowdstrike (Version 7.5.17706.0) and is virus-free according to that program.

s/ Matthew N. Drecun  
MATTHEW N. DRECUN  
 Attorney

Date:  January 25, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2024, I electronically filed the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system, which will send notice to all counsel of record by electronic mail. All participants in this case are registered CM/ECF users.

                                                s/ Matthew N. Drecun
                                                MATTHEW N. DRECUN
                                                  Attorney