

# County Attorney

| Kenneth R. Hodges, County Attorney | Board of County Commissioners |
|---|---|
| 719-520-6485 | Holly Williams, District 1 |
| Centennial Hall | Carrie Geitner, District 2 |
| 200 S. Cascade, Suite 150 | Stan VanderWerf, District 3 |
| Colorado Springs, CO 80903 | Longinos Gonzalez, Jr., District 4 |
| www.ElPasoCo.com | Cami Bremer, District 5 |

July 3, 2024

**VIA CM/ECF ELECTRONIC FILING SYSTEM**

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, CO 80257

  RE: 23-1135, *Darlene Griffith v. El Paso County, et al.*
     Dist/Ag docket: 1:21-CV-00387-CMA-NRN
     Appellee's response letter pursuant to FRAP 28(j)

Dear Mr. Wolpert,

  Pursuant to FRAP 28(j), Appellees submit this response to Appellant's supplemental authority submitted on June 20, 2024.

  *Fowler v. Stitt*, No. 23-5080, 2024 WL 3035712, at * 1 (10th Cir. June 1, 2024), arose from an Executive Order issued by the Governor of Oklahoma directing the Oklahoma State Department of Health to stop amending sex designations on birth certificates. This Court applied the Supreme Court's reasoning in *Bostock v. Clayton County*, 590 U.S. 644 (2020)—that discrimination based on transgender status is discrimination based on sex for purposes of Title VII—to Fowler's equal protection claim. *Fowler*, 2024 WL 3035712, at * 17.

ASSISTANT COUNTY ATTORNEYS

| NATHAN J. WHITNEY | STEVEN A. KLAFFKY | LORI L. SEAGO | BRYAN E. SCHMID | TERRY A. SAMPLE |
|---|---|---|---|---|
| CHRISTOPHER M. STRIDER | DOREY L. SPOTTS | ERIKA KEECH | STEVEN W. MARTYN | MERI GERINGER |

Christopher M. Wolpert
Clerk of Court
July 3, 2024
Page 2

    *Fowler* confirms that the individual Appellees are entitled to qualified immunity. Before *Fowler*, neither the Supreme Court nor this Court had imported *Bostock*'s Title VII reasoning to an equal protection claim brought under the Fourteenth Amendment. And, the facts of *Fowler* are not remotely similar to this case. Thus, the individual Appellees are entitled to qualified immunity because, in 2021, they had not been given fair notice that intermediate scrutiny would apply to their classification decisions made with respect Appellant.

    For the same reason, *Fowler* should confirm that Appellant's thinly-pled *Monell* claim fails. *See Contreras ex rel. A.L. v. Dona Ana Cnty. Comm'rs*, 964 F.3d 1114, 1123-24 (10th Cir. 2020) (Carson, J. concurring) (writing concerning a claim of municipal liability stemming from an employee's act rather than a municipal act: "the district court determined that Plaintiff's claim against the Board failed as a matter of law because she did not satisfy the third element for municipal liability—deliberate indifference. The district court determined that the Board could not be *deliberately* indifferent to a constitutional right unless it is clearly established. And because the district court found the right was not clearly established, it ruled the Board could not have been deliberately indifferent to A.L.'s rights. I agree.") (emphasis in original) (citation omitted); *Moya v. City of Clovis*, No. 18-494-GBW-KRS, 2019 WL 6255217, at *10 (D.N.M. Nov. 22, 2019), *aff'd on other grounds* 829 Fed. Appx. 346 (10th Cir. 2020) (unpublished); *see also* Response Brief, pp. 40-45.

Sincerely,

OFFICE OF THE COUNTY ATTORNEY
OF EL PASO COUNTY, COLORADO

/s/ Nathan J. Whitney

Nathan J. Whitney
First Assistant County Attorney
*Attorney for Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. 28(j) the body of the foregoing letter does not exceed 350 words.

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing document through the Court's electronic filing system, and that it has been served on all counsel of record through the court's electronic filing system.

Dated:    July 3, 2024

>                          */s/ Meleah Williams*
>                          Paralegal
>                          El Paso County Attorney's Office