FILED
United States Court of Appeals
Tenth Circuit

March 3, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

DARLENE GRIFFITH,

    Plaintiff - Appellant,

v.

EL PASO COUNTY, COLORADO, et al.,

    Defendants - Appellees.

------------------------------

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND, et al.,

    Amici Curiae.

No. 23-1135
(D.C. No. 1:21-CV-00387-CMA-NRN)
(D. Colo.)

_____

**ORDER**
_____

Before **TYMKOVICH**, **EBEL**, and **ROSSMAN**, Circuit Judges.
_____

    This matter is before us on appellant Darlene Griffith's *Motion for Attorneys' Fees and Costs*.

    First, to have appellate costs taxed in her favor, Ms. Griffith needed to file and serve an itemized and verified bill of costs. Fed. R. App. P. 39(d)(1). She has not done so, and the *Motion* is entirely silent as to the type and amount of costs sought.

    Turning to attorneys' fees, Ms. Griffith seeks her fees under 42 U.S.C. § 1988(b), which provides that, in actions brought under certain civil rights statutes—including 42

U.S.C. § 1983—"the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

In this matter, the district court dismissed Ms. Griffith's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and she appealed. As to some of Ms. Griffith's claims, we reversed and remanded. As to others, we affirmed the district court's judgment. And as to others, we vacated the Rule 12(b)(6) dismissal on jurisdictional grounds. *See Griffith v. El Paso Cnty.*, __ F. 4th __, No. 23-1135, 2025 U.S. App. LEXIS 3734 (10th Cir. Feb. 19, 2025).

Under this state of affairs, Ms. Griffith is not a prevailing party within the meaning of § 1988(b). To be a prevailing party under § 1988(b), Ms. Griffith must establish that she is entitled to relief on the merits of her claims. While our decision permits a subset of Ms. Griffith's claims to go forward in the district court, we did not decide the merits of Ms. Griffith's case, much less decide that she was entitled to any particular relief. For purposes of § 1988(b), "[a] prevailing party . . . is the party who ultimately prevails when the matter is finally set at rest." *Lackey v. Stinnie*, No. 23-621, 2025 U.S. LEXIS 866 at *10 (Feb. 25, 2025) (internal alteration, quotation marks, and citation omitted). Like in *Lackey*, we did not "conclusively resolve the rights of [the] parties on the merits." *Id.* at *11. Consequently, we did not confer prevailing party status on Ms. Griffith. Rather, like the plaintiffs in *Lackey*, Ms. Griffith "has achieved only temporary success at an intermediary stage of the suit. It cannot yet be said that [Ms. Griffith] will ultimately prevail when the matter is finally set at rest." *Id*.

We deny the *Motion*.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk